O’NIELL, Chief Justice.
 

 This is a suit to cancel a certificate of public convenience and necessity, issued by the Public Service Commission to the Merchants Fast Freight Service, Inc., and transferred to the T. S. C. Motor Freight Lines, Inc., with the approval of the Commission. The certificate permits the holder to operate a motor freight line as a common carrier on Highway No. 71 between Alexandria and Shfeveport, on the condition that the trucks shall be operated with closed doors between Baton Rouge and Shreveport and without serving any intermediate point. The application for the certificate was opposed by two railroad companies and three motor freight lines, all operating as common carriers between New Orleans and Shreveport via Baton Rouge and Alexandria. The three motor freight lines, holding certificates of public convenience and necessity, use the same highway that the Merchants Fast Freight Service uses between New Orleans and Alexandria, and use Highway No. 71 between Alexandria and Shreveport. The lines of the two railroad companies, namely, the Texas and Pacific Railway Company and the Louisiana and Arkansas Railway Company, parallel that route. One of the plaintiffs, namely, the Texas and Pacific Motor Transportation Company, operates as a common carrier by truck in connection with the Texas and Pacific Railway Company, for the pick-up and delivery of freight. Another of the plaintiffs, namely, the Louisiana, Arkansas and Texas Transportation Company, operates as a common carrier by truck in connection -with the Louisiana and Arkansas Railway Company, for the pickup and delivery of freight. The fifth plaintiff, namely, the Herrin Motor Lines, Inc., is independent of the railroad companies and operates a motor line as a common carrier of freight between New Orleans and Shreveport, using Highway No. 71 between Alexandria and Shreveport, all under authority of a certificate of public convenience and necessity issued by the Public Service Commission long before .the Merchants Fast Freight Service, Inc., applied for the certificate now in contest. At that time the Merchants Fast Freight Service held a certificate of public convenience and necessity to operate as a common car-
 
 *18
 
 Tier of freight by motor trucks over the highway between New Orleans and Shreveport, via Baton Rouge, Alexandria and Monroe, and was operating and is yet operating as a common carrier of freight over that route. In fact the application for the certificate to operate between Alexandria and Shreveport over the direct route, on Highway No. 71, instead of going via Monroe, was made with the understanding and declaration that the applicant would continue to operate as a common carrier over the route through Monroe, on Highway No. 165 between Alexandria and Monroe, and on Highway No. 80 between Monroe and Shreveport. The distance on the highway between New Orleans .and Baton Rouge is 84 miles, and between Baton Rouge and Alexandria 108 miles; between Alexandria and Monroe, on Highway No. 165 the distance is 97 miles, and between Monroe and Shreveport, on Highway No. 80, it is 107 miles. The distance between Alexandria and Shreveport on Highway No. 71 is only 127 miles. Hence the T.S.C. Motor Freight Lines could save 77 miles per trip between Alexandria and Shreveport by going directly over Highway No. 71 instead of going through Monroe, on Highways No. 165 and No. 80. To .grant the certificate which is in contest, therefore, would be a matter of conveni■ence and economy to the T.S.C. Motor Freight Lines; but the question is whether “the public convenience and necessity would be materially promoted thereby”,— as the law says. The statute which gives the Public Service Commission its authority to supervise, regulate and control motor transportation for hire on the public highways is Act No. 301 of 1938. In Section 5 (a) of the act it is declared that no motor carrier shall be allowed to operate as a common carrier without first obtaining from the Commission a certificate of public convenience and necessity, and that:
 

 “No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby.”
 

 At the first hearing on the application before the Commission only two of the three members were present. After considering the application and the protest, but without hearing any testimony, two members of the Commission voted to grant the certificate of public convenience and necessity, and the third member, who was present at the hearing, dissented. The five protestants filed an application for a rehearing, and the Merchants Fast Freight Service filed a motion to have the case reopened to allow the introduction of testimony to support the application for the certificate. The Commission ordered the case reopened, fixed it for.a special hearing and gave due notice to all parties concerned. The hearing was attended by the three members of the Commission; and, after they had heard the testimony for and against the applicant, two of the commissioners voting in favor of granting the certificate, and the one who had dissented adhered to his dissent. The protestants then, availing themselves of the provisions of Section 5 of Article VI of the Constitution, appealed to the district court by fil
 
 *19
 
 ing this suit. The case was submitted on the same evidence that had been heard by the Commission. The judge of the district court gave judgment for the plaintiffs,, reversing the ruling of the Commission and ordering the certificate canceled. The Public Service Commission, the Merchants Fast Freight Lines and the T.S.C. Motor Freight Lines are appealing from the decision.
 

 The evidence sustains the judgment of the district court. Ten witnesses testified for the applicant and seven for the protestants. Six of the witnesses for the applicant admitted that the freight transportation service rendered by the two railroads and the three motor lines which were operating on Highway No. 71 between Alexandria and Shreveport before and when this application was made gave satisfactory service; and no one testified that the service was not satisfactory. The witnesses were mainly shippers from New Orleans or Shreveport. They who testified for the applicant merely expressed the belief that the proposed additional service between Alexandria and Shreveport would stimulate competition and might result in the picking up of freight later in the evening in New Orleans and the delivering of it earlier in the morning in Shreveport. Against this is the proof that the Herrin trucks leave New Orleans every evening at 8:30 and arrive in Shreveport between 6 and 7:30 next morning, and that they pick up freight in New Orleans at any reasonable hour before leaving. The night schedule from Shreveport to New Orleans is about the same. And on each of the railroads a freight train leaves New Orleans every night at 10 o’clock and arrives in Shreveport at 7:10 next morning; and the night schedule from Shreveport to New Orleans on both roads is about the same. There is no real complaint or cause for complaint that any one of the common carriers of freight between New Orleans and Shreveport quits picking up shipments too early in the evening, in either city, or that they should make earlier deliveries in the morning, in either city. There is no evidence on which to base a conclusion that public convenience and necessity would be materially promoted by the issuing of a certificate allowing another common carrier of freight to operate between Alexandria and Shreveport on Highway No. 71, when there “ are already three competing common carriers operating over that route. It is declared in the statute which we have quoted that an additional certificate should not be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby. No such showing is made in this case.
 

 The judgment appealed from is affirmed' at the cost of the appellants, Merchants Fast Freight Service, Inc., and T.S.C. Motor. Freight Lines, Inc.