10 So.2d 641

**TEXAS & PACIFIC RY. CO. et al. v. LOUI-SIANA PUBLIC SERVICE COM-MISSION et al.**

No. 36573.

Nov. 4, 1942.

James O'Connor, of New Orleans, for appellants.

H. Payne Breazeale, of Baton Rouge, Robert Ainsworth, Jr., of New Orleans, Robert L. Garrett, of Shreveport, and Byron R. Kantrow, of Baton Rouge, for appellees.

HIGGINS, Justice.

This is a suit by fifteen transportation companies against the Louisiana Public Service Commission and Angelo Centineo, Inc., asking for the annulment of Order No. 2650 issued by the Commission on December 3, 1940, which granted to Centineo, Inc., a certificate of public convenience and necessity as a common carrier of special commodities over certain public highways in this State.

The defendant, Centineo, Inc., filed exceptions to the jurisdiction of the court rationae personae and rationae materia of no right and no cause of action, based on the ground that the plaintiff had not timely filed an application for a rehearing before the Commission from its adverse decree. The trial judge overruled the exceptions and, after a trial on the merits, set aside and cancelled the order and the certificate of the Commission.

The defendant corporation alone appealed.

Section 5 of Article 6 of the Constitution of 1921 reads as follows:

"The orders of the Commission shall be enforced by the imposition of penalties as hereinafter provided, and *any party in interest may appeal from orders and decrees of the Commission to the courts by filing suit, within ninety days from the date of the Commission's order, and not thereafter, against the Commission at its domicile.* * * *" (Italics ours.)

The suit was filed in the district court within the ninety day period above provided. Obviously, the Commission could not adopt any rule or regulation which would deprive any party in interest of the right to appeal to the court from the decree or order of the Commission within ninety days. Moreover, the Commission allowed the plaintiffs additional time to file their application for a rehearing, which it subsequently refused to grant. Therefore, all of the exceptions were properly overruled.

Centineo, Inc., produced seven witnesses and their testimony and the record tend to show that the applicant, Centineo, Inc., operated under Permit No. 1003, authorized by Order No. 2050 of the Louisiana Public Service Commission, dated October 29, 1938, as a contract carrier of freight by motor over certain routes set forth in the order; that Centineo, Inc., was limited to not more than five separate shippers of property, by subsection (j), Section 2 of Act 301 of 1938; that, under that section, having shown that it had been previously conducting such operations prior to January 1, 1938, the corporation

was entitled to the permit without the necessity of proving public convenience; that Centineo, Inc., was now seeking a new certificate as a common carrier of special commodities over routes served by the plaintiffs by virtue of their certificates; that it would be to the advantage of this corporation's business to obtain a common carrier certificate; and that some of the witnesses were willing to patronize, and others had patronized, this operator.

The pertinent part of Section 5(a) of Act 301 of 1938 provides:

" * * * No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby."

In the case of Texas & Pacific Railway Co. v. Louisiana Public Service Commission, 199 La. 32, 5 So.2d 375, 376, in construing the above quoted language, this Court stated: " * * * the question is whether 'the public convenience and necessity would be materially promoted thereby',—as the law says.

\* \* \* \* \* \*

"There is no evidence on which to base a conclusion that public convenience and necessity would be materially promoted by the issuing of a certificate allowing another common carrier of freight to operate between Alexandria and Shreveport on Highway No. 71, when there are already three competing common carriers operating over that route. It is declared in the statute which we have quoted that an additional certificate should not be granted

over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby. No such showing is made in this case."

As it appears from the record that patrons along the routes sought to be obtained by Centineo, Inc., were already being served by some fifteen carriers, to which certificates had been issued previously by the Commission, and that the evidence was inadequate to clearly show the public convenience and necessity would be materially promoted by the issuance of the new or additional certificate to the defendant corporation, the trial judge properly held that under the law it was not entitled to the certificate and that the Commission had erroneously entered its order granting the certificate.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from is affirmed, at appellant's costs.

ROGERS, J., absent.