174 So.2d 644

**HEARIN TANK LINES, INC., et al.**

**v.**

**LOUISIANA PUBLIC SERVICE COMMISSION.**

No. 47560.

May 3, 1965.

Harold R. Ainsworth, New Orleans, for appellants.

J. Nilas Young, Isom J. Guillory, Jr., Eunice, for intervenor-appelleee.

Joseph H. Kavanaugh, Baton Rouge, for appellee.

HAWTHORNE, Justice.

Hearin-Miller Transporters, Inc.,[1] Younger Brothers, Inc., Earl C. Gibbon, d/b/a Earl Gibbon Petroleum Transport, and Prudhomme Truck Tank Service, Inc., all holders of statewide common carrier certificates for the transportation of liquid commodities, have appealed from a judgment of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, which affirmed an order of the Louisiana Public Service Commission and dis-

---

1. Formerly Hearin Tank Lines and W. M. Chambers Truck Line, Inc., and substituted for them as a party in this litigation after judgment in the district court.

missed their action to annul this order. The Public Service Commission's order amended a common carrier certificate for petroleum products on the application of the holder thereof, Guillory Tank Truck Service, Inc., as follows:

"ORDERED, that Certificate of Public Convenience and Necessity No. 5384–A reissue to Guillory Tank Truck Service, Inc. amended to authorize fully the following described transportation as a common carrier by motor vehicle:

"Transportation of commodities of Water, Salt Water, Crude Oil, Gasoline, Diesel Fuel and other Petroleum Products of all types, transported in bulk in tank truck only; over irregular routes through the state of Louisiana with the restriction that service to and from all points North of a line running East and West and which is ten (10) miles North of Alexandria, is excluded * * *."

Guillory Tank Truck Service, Inc., since 1960[2] has been the holder of a certificate of public convenience and necessity for the transportation as a common carrier of certain commodities over irregular routes within a radius of 75 miles of Eunice, Louisiana, with the restriction that service between East Baton Rouge and this area was excluded. In May, 1961, Guillory applied to the Public Service Commission for amendment of its certificate to increase both territory covered and kinds of commodities carried, and the commission in due course after a hearing granted the amended certificate as set out above. Appellants opposed Guillory's application before the commission, and when the order was issued over their opposition, they sought judicial review in the district court.

R.S. 45:164 provides in part:

" * * * No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby."

This statute imposes a duty upon the commission not to issue a certificate over a route where there is an existing certificate unless the applicant therefor clearly shows that public convenience and necessity would be materially promoted. In other words, the burden before the commission is on the applicant, who as a prerequisite to the issuance of the certificate must clearly show that public convenience and necessity would be materially promoted by its issuance.

In the instant case appellants contend that the applicant offered no substantial evidence before the commission which would justify its order. As authority for their contention that the evidence before the commission

2. This certificate, first granted in 1942, was acquired by applicant in 1960 by transfer from Emar Guillory.

must be "substantial" they rely on language in the case of Herrin Transportation Company v. Louisiana Public Service Commission, 241 La. 174, 127 So.2d 541. In that case the court in affirming a judgment of the lower court which annulled an order of the commission issuing a certificate of public convenience and necessity stated that "* * * there must be a clear showing that there is substantial evidence" to support an order of the commission. As authority for this statement the opinion refers the reader to the cases of Texas & Pacific R. Co. v. Louisiana Public Service Commission, 201 La. 853, 10 So.2d 641, and Illinois Central Railroad Company v. Louisiana Public Service Commission, 224 La. 279, 69 So.2d 43.

In the Texas & Pacific R. Co. case this court after reviewing the record stated that the evidence was "* * * inadequate to clearly show the public convenience and necessity would be materially promoted by the issuance of the new or additional certificate * * *" of public convenience and necessity. In the Illinois Central case the court after reviewing the record said: "* * * we cannot say that the decision of the Commission was plainly contrary to the facts or unsupported by evidence. * * *"[3]

3. In this case the court was not dealing with a Public Service Commission order issuing or refusing to issue a certificate

A reading of the opinion in the Herrin case, supra, discloses that the court in making the statement relied on was only stating the burden of proof imposed by the statute —that is, that the applicant for a certificate in such a case must clearly show that public convenience and necessity would be materially promoted, and that the burden of proof "requires more than a mere showing that there is some evidence". In short, if the applicant adduces evidence before the commission which clearly shows that the public convenience and necessity would be materially promoted by the issuance of the certificate, it is immaterial whether the evidence making this clear showing is termed "adequate" or is termed "substantial".

When such an order of the commission is before the courts for judicial review, another principle of law comes into play, and that is that once the commission has decided to grant such an order and "* * * has acted within its power, and not arbitrarily or grossly contrary to the evidence, and when no error of law has been committed, the court must not substitute its judgment for that of the commission, or consider the expediency or wisdom of the order, or say whether on like evidence the court would have made a similar ruling", Rubion Transfer & Storage Co. v. Louisiana Public Service Commission, 240

of public convenience and necessity such as we have here.

La. 440, 123 So.2d 880, and that the courts will not interfere with action by the commission unless it is shown to be arbitrary and capricious, Louisiana Tank Truck Carriers v. Louisiana Public Service Commission, 244 La. 909, 155 So.2d 15. In other words, upon judicial review a court will not upset orders such as the one in this case unless after looking at the evidence it concludes that the commission could not have reasonably concluded that there had been a clear showing that the public convenience and necessity would be materially promoted thereby, and that the commission's action was therefore arbitrary and capricious and a clear abuse of its power.

The record here discloses that no new common carrier permits for carrying petroleum products in bulk have been issued by the commission since 1942, and that between 1940 and 1959 there was a great increase in the production of oil, gas, and such products. For instance, in South Louisiana, which includes the area where applicant seeks to transport petroleum products, the production of oil increased from 79,051,922 barrels in 1940 to 278,759,190 barrels in 1959, and during the same period natural gas production increased from 21,361,006 MCF to 1,799,060,498 MCF. This great increase was certainly a factor to be considered by the commission in determining whether there was a need for granting a common carrier permit such as the one applicant sought. As stated by the trial judge in his reasons for judgment, "The evidence establishes that when the need for motor carrier transportation arises, the need is immediate and any delay might prove costly to the companies desiring the services of transportation trucks. Time is of the essence. In order for the prompt service required by the public to be rendered, it necessarily follows that there must be enough transportation service in a given area to have trucks on hand at all times prepared to render the services called for. It also follows that prompt service is going to depend in large part of [on] the proximity of the transport carrier's base of operation to the person or company requiring the services."

The applicant's witnesses before the commission were sales representatives or managers of several refineries operating and doing business in the area to be served by the applicant, an engineer of a concern doing a drilling mud business that used petroleum products, independant station operators, and managers of oil companies or persons engaged in the distribution of petroleum products. These witnesses, all users of common carriers for the transportation of petroleum products in the area, testified that in the conduct of their businesses prompt service is required, that the service of large carriers now operating in the area has been inadequate, and that there is a real need for additional common carrier

service in the area such as would be supplied by the applicant.

Appellants seek to discredit the testimony of these witnesses by contending that their testimony is not substantial evidence because the applicant in his bulk distributorship business is a good customer of some of the witnesses, because some of the witnesses are competitors of the appellants in the fuel business, and because the witnesses were not sufficiently specific in giving instances where the services by common carriers already operating in the area were inadequate. What appellants are really objecting to is the credibility of these witnesses or the weight to be given their testimony, and their objection is, in effect, that this evidence was not sufficient to justify the commission's issuance of the order.

From the evidence adduced at the hearing the commission concluded that it was clearly shown that the public convenience and necessity would be materially promoted by the issuance of the amended certificate, and our study of the record convinces us that there was adequate evidence to support the commission's conclusion. Since orders of the commission are to be accorded great weight by the courts and since appellants have failed to show that the commission acted arbitrarily or capriciously in this instance, we shall not disturb the judgment of the district court affirming the commission's order.

For the reasons assigned the judgment appealed from is affirmed; appellants are to pay all costs.