R. G. WALTER, d/b/a City Transfer & Storage, Plaintiff
and Appellant, v. The BOARD OF RAILROAD COMMIS-
SIONERS of the State of Montana, and PAUL T. SMITH,
LOUIS G. BOEDECKER and ERNEST C. STEEL, the
Commissioners thereof, Defendants and Respondents.

No. 11574.

Submitted June 13, 1969.

Decided July 23, 1969.

457 P.2d 479

Risken & Scribner, John H. Risken, argued, Helena, for
appellant.

Anderson, Symmes, Forbes, Peete & Brown, Billings, William E. O'Leary, argued, Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by plaintiff-carrier, R. G. Walter, d/b/a City Transfer and Storage, from an order and judgment entered in the district court of Flathead County which sustained an August 2, 1965 order of the Board of Railroad Commissioners (hereinafter called the Board), dismissing the complaint of plaintiff and entering judgment for the defendants. This order and judgment determined that the authority contained in Montana Railroad Commission Intrastate Certificate of Public Convenience and Necessity No. 2081 (hereinafter referred to as MRC 2081) issued to plaintiff did not include the authority to transport "petroleum or petroleum products" within the meaning of the term "commodities" as found in MRC 2081.

MRC 2081 authorized plaintiff to transport "heavy equipment, tractors,. power shovels, merchandise and commodities" as a class "C" carrier, subject to the following limitation: "Hauling must be limited to the type requiring heavy duty trucking."

Plaintiff-carrier was apprehended by a fieldman of the Board prior to December of 1964, at which time the carrier was in the process of transporting petroleum or petroleum products for hire upon a public highway. Following a request by plaintiff to the Board for an interpretation of the term "commodities" as contained in MRC 2081, plaintiff was informed that it did not include authority to transport petroleum or petroleum products. Subsequently a request was made that a meeting be held between the Board and. the carrier to discuss MRC 2081, and thereafter, on April 12, 1965, plaintiff-carrier requested that a public hearing be held in order to interpret the scope of the authority contained within MRC 2081.

At the hearing administrative notice was taken of all records on file with the Board relevant to MRC 2081. These files included the original application, the transcript of the original hearing and other records indicating successive transfers which concluded with the transfer to the plaintiff.

Following the public hearing the Board issued its Order No. 3138, holding that the term "commodities" as contained in MRC 2081 is a general phrase limited by the scope of the preceding specific property types enumerated in the certificate; that the general language relates solely to the preceding specific language; and therefore the general language of the term "commodities" referred only to such additional commodities that would be of the same type or kind as those specifically set forth preceding the term "commodities".

As a result of this order plaintiff filed a complaint in the district court of Flathead County asking review of the Board's action and sought to require the Board to determine that MRC 2081 included authority to haul "petroleum or petroleum products". After hearing oral arguments the district court issued the order and judgment from which plaintiff appeals.

This appeal raises two interrelated issues for determination by this Court: (1) whether the Board erred in making its original determination as to the scope of the authority granted under MRC 2081, and (2) whether Board Order No. 3138 was just, reasonable and proper.

Plaintiff argues that the term "commodities" as used in MRC 2081 includes *all* items of commerce and thus on its face includes "petroleum or petroleum products". Further, plaintiff contends that the words must stand by themselves because MRC 2081 is unambiguous, and therefore, the Board erred in referring to the transcript of the original application for the certificate. With this contention we cannot agree.

Whether the Board erred in making its original determination as to the scope of the authority granted under MRC 2081 must be answered with reference to the authority vested in

the Board by the laws of Montana. Section 8-103, R.C.M.1947, provides in part:

"(a) The board of railroad commissioners is hereby vested with power and authority, and it is hereby made its duty to supervise and regulate every motor carrier in this state; * * *. The board shall have power and authority by general order or otherwise to prescribe rules and regulations in conformity with this act applicable to any and all motor carriers."

Section 8-112, R.C.M.1947, provides in part:

"Any right, privilege or certificate held, owned, or obtained by any motor carrier may be sold * * * as other property only by the authorization of the board. The board may issue the certificate, * * * and may attach to the exercise of the rights granted by such certificate *such terms and conditions as in its judgment the public convenience and necessity may require.* When a certificate has once been issued * * * such certificate shall continue in force until terminated by the board for cause * * *." (Emphasis added)

█ From the foregoing it is readily apparent that the Board is authorized, and has the duty, to administratively supervise every motor carrier in the state and may, in its discretion, upon the issuance of any certificate, attach such terms and conditions as in its judgment may be required. If at sometime after issuance of a certificate the Board finds it necessary to refer to previous proceedings in the exercise of this administrative function, including the transcript of the original application, there is nothing to prevent such reference.

█ Turning then to an interpretation of the word "commodities" as used in MRC 2081. In Petroleum Carrier Corp. v. Black, 51 M.C.C. 717 (1950), the Interstate Commerce Commission (hereinafter referred to as the Commission) was faced with a very similar question. In that case, at p. 718, the carrier's certificate granted the authority to transport:

"Machinery and machinery parts, road construction machinery, contractor's equipment, structural and reinforcing steel,

*and commodities requiring special equipment * * * *".* (Emphasis added)

The Commission, applying the rule of *ejusdem generis* held that the phrase "commodities requiring special equipment" did not include "petroleum or petroleum products", concluding that "commodities" referred to the general type of things commonly transported by machinery carriers.

Further, the Commission in discussing this said at p. 722:

"Moreover, application of the *ejusdem generis* rule lends support to this construction. The principle is stated in 28 C.J.S. [Ejusdem p.] 1049 as follows:

" 'Literally, "of the same kind or species." A well-known maxim of construction, to aid in ascertaining the meaning of a statute or other written instrument, the doctrine being that, where an enumeration of specific things is followed by some general word or phrase, such general word or phrase is to be held to refer to things of the same kind, as in the case of a "clean-up" phrase, such as the term "otherwise" with respect to a classification which immediately precedes it.'

"It too lends support to the conclusion that it was not the purpose of the certificate to authorize a type of service different from that commonly performed by machinery carriers."

In the instant case the Board, having in its original determination applied the doctrine of *ejusdem generis,* found that the term "commodities" was a general phrase limited by the scope of the preceding words. This finding was upheld by the district court. It was the opinion of that court that:

"* * * the issuance of a certificate that sets forth specific items to be transported, limits the 'catch all' words merchandise and commodities to those various and sundry items directly related to the specific items set forth in the certificate."

With this finding this Court agrees.

Under provisions of sections 8-115 and 72-125, R.C.M.1947, orders of the Board will not be disturbed on review unless they are found to be unjust and unreasonable. Further, section 72-

132, R.C.M.1947, provides that a Board order shall be deemed prima facie just, reasonable and proper. In the absence of a showing to the contrary by the plaintiff, it is assumed the order was just and reasonable. The district court found the order of the Board to be just and reasonable and we concur.

The order and judgment of the district court is affirmed.

MR. JUSTICES CASTLES and BONNER, concur.

MR. JUSTICE HASWELL, being disqualified, took no part in this Opinion.