Reynoldsburg Trucking, Inc., Appellant, *v.* Public Utilities Commission of Ohio, Appellee.
T. C. Spires, Inc., Appellant, *v.* Public Utilities Commission of Ohio, Appellee.

[Cite as Reynoldsburg Trucking, Inc., v. Pub. Util. Comm. (1978), 53 Ohio St. 2d 201.]

(Nos. 77-653 and 77-655—Decided March 22, 1978.)

*Messrs. Sanborn, Brandon & Duvall* and *Mr. James Duvall,* for appellant Reynoldsburg Trucking, Inc.

*Mr. Lewis S. Witherspoon,* for appellant T. C. Spires, Inc.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnick, Mr. John W. Bentine* and *Mr. John W. Rudduck,* for appellee.

*Per Curiam.* Appellants assert, in effect, that because a portion of Fairfield County was annexed into the city of Columbus, the Columbus Commercial Zone should have been enlarged to include the added territory, and that therefore appellants' certificate authority was extended by operation of law throughout the entire commercial zone without a showing of public convenience and necessity.

Appellants cite *Beiter Line, Inc., v. Pub. Util. Comm.* (1956), 165 Ohio St. 1, as authority for the above proposition. However, such heavy reliance on *Beiter Line* and similar cases is unfounded, for two reasons:

First, this court in *Beiter Line* stated that the commission "*is not obligated* * * * to make a specific finding

that there is public convenience and necessity as to extended motor carrier service * * *."

In *Beiter Line*, this court stated only that *repeated* findings of public convenience and necessity were not required; the concept was not made irrelevant. Quite clearly this court stated, at page 7, that convenience and necessity "is the very object of such zone extension."

Second, there is an important factual distinction between the instant cause and the cases cited by appellants. In the latter the carriers were municipally based, and therefore uniformity of service between the municipality and its commercial zone was desirable. However, in the instant case, appellants' base point is Fairfield County, not the city of Columbus, and thus the policy arguments for uniformity are not applicable.

Alternatively, appellants assert that reciprocal rights to serve a commercial zone inure to a common carrier serving a municipality.

In *Highway, Inc.,* v. *Pub. Util. Comm.* (1959), 169 Ohio St. 195, this court stated:

"*It is not error* for the * * * [commission] to extend reciprocal privileges to all motor carriers holding authority * * * within the municipality about which a zone is being created." (Emphasis added.)

The above case clearly does not require the commission to grant reciprocal rights. A commission finding will not be disturbed unless it is manifestly against the weight of the evidence and so clearly unsupported by the record as to show misapprehension, mistake, or willful disregard of duty. *Ford Motor Co.* v. *Pub. Util. Comm.* (1977), 52 Ohio St. 2d 142, 152.

Appellants have not met this burden. Indeed, their claims of unfairness are not supported by specific evidence.

The order of the commission is neither unreasonable nor unlawful and is therefore affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.