DENNIS, Justice.*
In this case, the Nineteenth Judicial District Court rendered judgment in favor of AAA Cooper Transportation and Saia Motor Freight Line, Inc., and against the Louisiana Public Service Commission (Commission), and Texas-Louisiana Cartage, Inc. (TLC), holding that the grant of authority by the Commission changing TLC’s common carrier certificate from a limited to an unlimited one was arbitrary and capricious, because the evidence did not reasonably support a finding that a material promotion of the public convenience and necessity clearly required that change in the certificate. Accordingly, the district court overturned and vacated the Commission’s order at the cost of the Commission and TLC.
In its oral reasons for judgment issued from the bench the trial court stated:
*1264 The law is that you have to show a need and that the carriers in that specific area are not meeting that need.
I have to find that the Public Service Commission was arbitrary and capricious. In this specific instance, the carrier had 48- to 50-foot trucks. They are alleging that the standard is different when they already have a certificate. I do not find that to be correct. They would have to meet the same criteria in that anyone coming into that market would have to meet. And I find that the Louisiana Public Service Commission was arbitrary and capricious in granting that certificate.
The Commission and TLC appealed. In this civil case, this court’s jurisdiction, in the sense of judicial power, extends to both law and facts. La. Const. Art. V, § 5(C) (1974); South Central Bell v. Public Service Commission, 594 So.2d 357 (La.1992); United Gas Pipe Line Co. v. La. Pub. Serv. Comm., 241 La. 687, 130 So.2d 652 (1961); Southern Bell Tel. & T. Co. v. La. Pub. Serv. Comm., 239 La. 175, 118 So.2d 372 (1960); Vicksburg, S & P Ry. Co. v. Railroad Comm’n of Louisiana, 132 La. 193, 61 So. 199 (1913). However, we consider the case only under the self-imposed limited judicial review standard that this court has adopted in Public Service Commission cases. Accordingly we will determine whether the Commission’s action was arbitrary, unreasonable, capricious or not based correctly on the law and supported by the evidence. South Central Bell v. La. Pub. Serv. Comm., supra; Gulf States Utilities v. La. Pub. Serv. Comm., 578 So.2d 71 (La.1991), cert. den., — U.S. -, 112 S.Ct. 637, 116 L.Ed.2d 655 (1991); South Central Bell v. La. Pub. Serv. Comm., 352 So.2d 964 (La.1977), cert. den., 437 U.S. 911, 98 S.Ct. 3103, 57 L.Ed.2d 1142 (1978).
La.R.S. 45:164, in pertinent part, provides: No motor carrier shall operate as a common carrier without first having obtained from the commission a certificate of public convenience and necessity, which shall be issued only after a written application made and filed, a public hearing, due notice given to applicant and all competing common earners, and a finding by the commission that public convenience and necessity require the issuance of a certificate. No new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby, (emphasis added)
We affirm the district court’s judgment. The applicant motor carrier’s common carrier certificate allows it to use only 48 foot and 57 foot vans. In this proceeding, the applicant seeks to have the common carrier certificate amended to remove the restriction, thereby allowing it to compete with other common carriers holding certificates that allow them to use smaller vans and to more efficiently and economically carry goods. The district court correctly concluded that a removal of the restriction would constitute a grant of new or additional authority to conduct expanded common carrier operations and therefore requires that the applicant obtain a new or additional common carrier certificate by clearly showing that the public convenience and necessity would be materially promoted thereby. Further, the district court correctly concluded that the evidence in this proceeding does not support a reasonable finding that the applicant discharged this burden of proof.
The appellants in this court, the Commission and TLC, argue that TLC’s application to remove from its common carrier certificate the provision requiring it to use only 48 foot and 57 foot vans is not an application for new or additional common carrier operating authority. Therefore, they contend, the standards provided by law in La.R.S. 45:164 for the issuance of new or additional common carrier certificates do not apply in the present case. Instead, they argue that the less stringent burden of proof required of persons seeking a contract carrier permit should apply in this case. In other words, they urge, TLC is entitled to amend its certificate without carrying the heavy burden imposed by La.R.S. 45:164 upon a common carrier seeking a new or additional certificate in competition with other certificated common carriers, viz., that it must be “clearly shown that the public convenience and necessity would be *1265 materially promoted thereby.” Id. We disagree.
La.R.S. 45:164 sets forth in separate paragraphs the requirements for obtaining a common carrier certificate or a contract carrier permit. The statute does not expressly provide for the “amendment” of either a common carrier certificate or a contract carrier permit. However, we believe the statute clearly implies that any change in a common carrier’s certificate that enables it to engage in new or additional competition with other common carriers requires it to show that the change clearly and materially promotes the public convenience and necessity. The interpretation argued for by appellants, on the other hand, leads to absurd consequences and does not conform to the purpose of the law. Under appellants’ interpretation, a common carrier would be able to circumvent and defeat the public convenience and necessity requirement designed to protect the public interest by simply labelling his application as a request for an “amendment” rather than a “new or additional certificate”.
A certificate of public convenience and necessity is in the nature of a privilege granted in the public interest. See State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665 (1950). See, generally, Greater Wilmington Transp. Auth. v. Kline, 285 A.2d 819 (Del.Super.1971); Kon v. City of Ann Arbor, 41 Mich.App. 307, 199 N.W.2d 874 (1972; 60 C.J.S. Motor Vehicles § 84(1). It therefore should be construed in favor of the public and strictly against the recipient of the grant. Interstate Commerce Commission v. Crouch Freight Systems, Inc., 577 F.2d 679 (10th Cir.1978); Towns Truck Lines, Inc. v. Cotton State Exp., Inc., 266 Ala. 131, 94 So.2d 402 (1957); Hodges Transfer Co., Inc. v. Ala. Pub. Serv. Comm., 376 So.2d 680 (Ala.1979), app. dis., 446 U.S. 961, 100 S.Ct. 2934, 64 L.Ed.2d 819 (1980). Accordingly, the services in which a certificate holder may engage, or which he is under obligation to perform, depend on the services authorized or required by the certificate. See Magnolia Petroleum Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929 (1935), cert. den., 296 U.S. 623, 56 S.Ct. 144, 80 L.Ed. 442 (1935) as interpreted in Dye Trucking Co. v. Miller, 397 S.W.2d 507 (Tex.Civ.App.1965). See, generally, Walter v. Bd. of R.R. Com’rs, 153 Mont. 384, 457 P.2d 479 (1969); Reynoldsburg Trucking, Inc. v. Public Util. Comm., 53 Ohio St.2d 201, 373 N.E.2d 1250 (1978). Where the certificate authorizes the holder to transport certain products or materials he may not transport other products or materials, and a carrier restricted by its certificate to the use of certain types of vehicles or equipment may not use other equipment. See State v. Apollo Transports, Inc., 596 S.W.2d 618 (Tex.Civ.App.1980); Link Trucking, Inc. v. Public Serv. Comm. of Utah, 526 P.2d 1184 (Ut.1974); Telischak Trucking, Inc. v. Mich. Pub. Serv. Comm., 11 Mich.App. 23, 160 N.W.2d 592 (1968). Consequently, when the certificate holder seeks to alter its operations to include cargo or equipment not authorized by a strict construction of the certificate, it must apply for an amendment. The written words of La.R.S. 45:164, when construed strictly in favor of the public, clearly require that an application to amend or modify a certificate of public convenience and necessity should be considered by the commission and be governed in the same manner as an original application. See Herrin Transportation Co. v. La. Pub. Serv. Comm., 241 La. 174, 127 So.2d 541 (1961). See also, 60 C.J.S.—Motor Vehicles § 96(1)(b). Therefore, before any such change in a common carrier certificate is made there must be a determination that public convenience and necessity require it. Herrin, supra. See also Southern Armored Services, Inc. v. Mason, 167 So.2d 848 (Fla.1964); D. G. & U. Truck Lines v. Public Util. Comm., 158 Ohio St. 564, 110 N.E.2d 587 (1953); Service Exp., Inc. v. Baggett, 281 Ala. 666, 207 So.2d 418 (1968). Indeed, this is the meaning we implicitly have attributed to La.R.S. 45:164 in our previous cases. Louisiana Tank Truck Carriers, Inc. v. La. Pub. Serv. Comm., 549 So.2d 850 (La.1989); Hearin Tank Lines, Inc. v. La. Pub. Serv. Comm., 247 La. 826, 174 So.2d 644 (1965). Accordingly, we reject as being without merit the argument that TLC is not obliged to show that the public convenience and necessity require the change it seeks in its certificate.
*1266 The appellants make no argument that the sufficiency of the evidence was great enough to carry the heavy burden established for new or additional certification. Nevertheless, we have reviewed the record to determine whether the evidence would support a reasonable finding of public convenience and necessity for a change in TLC’s common carrier certificate. In assessing whether the applicant has carried its burden, this court has applied a two-pronged test: (A) it must prove that the service it offers is required by the public convenience and necessity by showing that: (1) its proposed operation will serve a useful public purpose for which there is a public demand or need; (2) this public purpose cannot and will not be served as well by existing carriers; and (3) applicant can serve this purpose with its new operation without endangering or impairing the operations of existing carriers contrary to the public interest. (B) Furthermore, the applicant must also show clearly that his proposed new operation will materially promote the public convenience and necessity. Louisiana Tank Truck Carriers, Inc., supra at 853-54; L & B Transport Co. v. La. Pub. Serv. Comm., 602 So.2d 712 (La.1992); Matlack, Inc. v. La. Pub. Serv. Comm., 622 So.2d 640 (La.1993). From the foregoing discussion, it is clear that this test applies with equal force to the present application.
The “public need or demand” contemplates that there is an identifiable public need for a transportation service for which there exists no adequate public service. Matlack, supra. The record clearly demonstrates that TLC failed to produce evidence from which it could be reasonably found that the sought after change in the certificate would clearly and materially promote the public convenience and necessity. The record is devoid of any assertion that existing service could not adequately supply any perceived demand for smaller trailers. Furthermore, the testimony presented at the hearing consisted mostly of that of receivers, who virtually all testified that their convenience would be better served by the use of smaller trailers or vans. “Public need” contemplates not the needs of a select group but the needs of the entire public as affected by the new or expanded service. Matlack, supra; Louisiana Tank Truck Carriers, Inc., supra. No evidence was presented which demonstrated a need of the public. Rather, the evidence tended to show only the convenience or preference of individual receivers of shipments. As the Report of the Hearing Examiner to the commission demonstrates:
No service failures were documented and all of the witnesses agreed that the current service was being supplied by the applicant and protestant carriers. This application would seem to be one of convenience instead of need. If the Commission bases its decision on need, then the application should be denied. If the decision is to be based on convenience to the shipping public, then the case has merit.... Examiner notes that all of the supporting testimony points to a “convenience” rather than a “need” that is not being provided, which is not the case. The Commission should again note that no customer stated that they had not been receiving the service needed, only the difficulties involved with large trailers being used and the preference for smaller delivery units.
La.Pub.Serv.Comm. Memorandum at 10. It is apparent to this court that the evidence did not establish any public need which would warrant the grant of authority this application sought. Having failed the first prong of the analysis, the appellants cannot prevail.
Moreover, it is plain that the Commission’s determination was based primarily upon its erroneous interpretation of the law rather than upon its eonclusory, make-weight that the amendment of the certificate materially promoted the public convenience and necessity. The principal determination of the Commission was as follows:
Applicant, in this case, merely seeks to be authorized to utilize more efficient equipment to exercise the certificate of public convenience and necessity he currently possesses. A number of witnesses testified that the utilization of shorter trailers or equipment would be in the public interest by minimizing undue wear, minimizing inconvenience to other highway users, and minimizing congestion on the highways. *1267 We are convinced that the public will be given the benefit of the most economic and efficient means of transportation if this application is granted, and we find that the proof is more than adequate in this case that the grant of the application meets the criteria of policy set forth in Louisiana Revised Statutes 45:161 respecting the interest of the public, and minimizing undue wear, inconvenience to other highway users, congestion on the highways, and operations detrimental to the general welfare.
Therefore, it is evident that the Commission fell into legal error in applying a standard extrapolated from La.R.S. 45:161 rather than following the direct, clear command of La. R.S. 45:164 that no new or additional certificate shall be granted over a route where there is an existing certificate, unless it be clearly shown that the public convenience and necessity would be materially promoted thereby. Accordingly, the Commission’s determination was not correctly based on the law and must be set aside for this reason as well.
DECREE
For the reasons assigned, the judgment of the district court is affirmed.
AFFIRMED.
WATSON, J., dissents and assigns reasons.

 Hall, J. not on the panel. Rule IV, Part 2, § 3.