J^CARTER, C.J.
This is an appeal from a judgment awarding general damages to plaintiff, Su-zan Malone Blades (Blades), in a defamation suit. DefendanVappellant, Steven D. Olivier (Olivier), doing business as Perfect Places & Properties (Perfect Places), contends that the general damage award of $15,000 to Blades is excessive.
Olivier is the operator and owner of Perfect Places, a real estate company. Blades first worked at Perfect Places in July 1994. This employment lasted about a year. Subsequently, Blades was hired as the recruiting and relocations director for Perfect Places in 1996. However, after having a disagreement with Olivier, Blades resigned from this position at Perfect Places in the early part of January 1997.
Almost immediately upon her resignation from Perfect Places, Blades obtained employment in the real estate industry with U.S. Development, Inc. (U.S. Development). On or about January 13, 1997, Olivier prepared and sent a letter via facsimile to the three principals of U.S. Development concerning details of Blades’s expense and payroll account activities during her employment tenure with Perfect Places. This letter was addressed to Blades and the three principals, George Bonfanti, Cathy Bordelon and Neil Borde-lon. One of the statements contained in the letter provided as follows:
In researching the data to produce these reports, we were dismayed to discover that you embezzled the funds advanced to you as petty cash and the monies for participation in the 1997 Business Expo.
As a result of this communication, Blades filed a defamation suit against Olivier [1] in the parish court of Ascension Parish. After a trial, the trial court rendered judgment in favor of plaintiff for $15,000 in general damages. Olivier appeals urging only that the damage award was excessive.
It is well settled Louisiana jurisprudence that an appellate court must accord much discretion to the trial court in its award of general damages. Andrus v. State Farm, Mutual Automobile Insurance Company, 95-0801, p. 8 (La.3/22/96); 670 So.2d 1206, 1210. It is only if the reviewing court determines that the trial court has ^abused its much discretion that the reviewing court may refer to the prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion. Andrus, 670 So.2d at 1210; Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976). Because discretion vested in the trial court is great, and even vast, an appellate court should rarely disturb an award of general damages. Moreover, reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of *757 fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Andrus, 670 So.2d at 1210; Youn v. Maritime Overseas Corp., 623 So.2d 1267, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Olivier contends that Blades failed to present competent evidence of the injuries she suffered from the defamatory statement in the letter to her superiors because she was the only witness to testify about her damages. Accordingly, because there were no corroborating witnesses on the issue of Blades’s damages, Olivier argues that the $15,000 general damage award is excessive. We disagree.
Blades testified extensively about how the defamatory statement which was specifically directed to her new bosses, shortly after Blades began working at U.S. Development, had affected her emotionally and physically, as well as the impact it had upon her working relationship with her new employer. After the facsimile was received, Blades was required to meet with her superiors and explain everything stated in the letter from Olivier, page by page. Blades felt embarrassed and felt that the embezzlement accusation put questions in the minds of her superiors regarding Blades’s eharacter' and her position at U.S. Development.
Blades also testified that she began losing clumps of hair as a result of the defamatory statement. Furthermore, Blades testified that she was on edge and upset all of the time which affected her relationship with her family. These problems lasted almost a year. Finally, Blades described the great distress she experienced over the Ifimpact these accusations have had on her image which is extremely important to the success of a real estate agent or broker.
Considering the above, and after a thorough review and evaluation of the entire record, this court cannot say that the trial court abused its much discretion in its general damage award. Accordingly, this court finds that the evidence supports the result reached by the trial court in its written reasons for judgment, a copy of which is attached hereto as “Appendix A.” The trial court judgment is affirmed and costs of the appeal are assessed to Olivier.
AFFIRMED.
JgAPPENDIX A

REASONS FOR JUDGMENT

This matter came to be heard on the 17th day of March, 1998.
At the trial in this matter, the court heard testimony from various witnesses, including the plaintiff, Suzan Malone Blades, and the defendant, Steven D. Olivier.
From the evidence and testimony given at the trial, it is basically undisputed that Ms. Blades is a former employee of Steven D. Olivier d/b/a Perfect Places & Properties and that her employment with Perfect Places & Properties ended in late 1996 or early 1997. Shortly thereafter, Ms. Blades became employed by another company. Shortly after her becoming employed with the new company, on or about January 13, 1997, Steven D. Olivier faxed a letter addressed to the plaintiff and to other persons at her new place of employment, a letter which contained the following statement:
• In researching the data to produce these reports we were dismayed to discover that you embezzled the funds advanced to you as petty cash and the monies for participation in the 1997 Business Expo.
From the testimony and the evidence adduced at the trial in this matter, the court is convinced that the defendant, Steven D. Oliver falsely accused the plaintiff, Suzan Malone Blades, of criminal action which is defamatory per se. Jurisprudence is clear that when alleged defamatory words are found to be defamatory per se, falsity and malice are presumed and *758 the defendant bears the burden of rebutting that presumption. Trahan v. Ritterman, 368 So.2d 181 (La.App. 1 Cir.1979) and Martin v. Markley, 202 La. 291, 11 So.2d 593 (1942).
It is clear to this court that the defendant, Steven D. Olivier had every intention of embarrassing, defaming and humiliating the plaintiff at the time that he prepared the letter on January 13, 1997 which was faxed to her new employer. Based on testimony at the trial concerning Ms. Blades’ employment with Steven D. Olivier through the years, there was no indication that Mr. Olivier was ever suspicious or distrustful of Ms. Blades in any manner. There [fiwas testimony, however, to indicate that Mr. Oliver was extremely displeased that Ms. Blades had left his employ and it was apparent to the court that as a retaliatory measure, Mr. Olivier faxed the letter in question.
The court believes the plaintiffs testimony that the faxed letter caused her great embarrassment, humiliation and stress as it would to any normal person who is falsely accused of a criminal act.
Defendant testified that the “embezzlement statement” was in response to his belief that the plaintiff had embezzled funds that were supposed to have been used to pay a fee to the Baton Rouge Business Expo, for a booth. The fee was a mere $50.00 and plaintiff testified that after being advanced the money from the defendant, she simply forgot to pay the fee but then later paid it as soon as she realized that it was still owed. The court believes the sincere testimony of the plaintiff and finds that it was unreasonable for the defendant to have believed that the plaintiff embezzled the funds based on their past employment relationship.
Based on the reasons cited above, the court finds that a reasonable award to the plaintiff in this matter would be the sum of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS together with judicial interest from date of demand as well as all costs of court.
Gonzales, Louisiana, this 5th day of May, 1998.
/s/ Marilyn M. Lambert
Marilyn M. Lambert, Judge
Ascension Parish Court

. Blades also named Valerie Brooks and Nancy deMarcy as defendants in the defamation petition. However, plaintiff subsequently set-tied with these two defendants and they were dismissed from the litigation.