No. 5, Original. NEBRASKA *v.* WYOMING (COLORADO, IMPLEADED DEFENDANT, AND THE UNITED STATES, INTERVENOR).

The joint motion for approval of a stipulation and to modify and supplement the decree is granted and the following order is entered in compliance with the stipulation:

The parties to this cause having filed a stipulation, dated January 14, 1953, and a joint motion for approval of the stipulation and to modify and supplement the decree entered on October 8, 1945 (325 U. S. 665) and the Court being fully advised:

The stipulation dated January 14, 1953, is approved; and

IT IS ORDERED that the decree of October 8, 1945, is hereby modified and supplemented as follows:

1. In paragraph I (a) of the decree the figure "145,000" is substituted for the figure "135,000."

2. Paragraph XIII is amended by striking the first sentence and substituting for it the following:

> Any of the parties may apply at the foot of this decree for its amendment or for further relief, except that for a period of five years from and after June 15, 1953, the State of Colorado shall not institute any proceedings for the amendment of the decree or for further relief. In the event that within said period of five years any other party applies for an amendment of the decree or for further relief, then the State of Colorado may assert any and all rights, claims or defenses available to it under the decree as amended.

3. Two new paragraphs, as follows, are added to the decree:

> XVI. Whatever claims or defenses the parties or any of them may have in respect to the application,

interpretation or construction of the Act of August 9, 1937 (50 Stat. 564–595) shall be determined without prejudice to any party arising because of any development of the Kendrick Project occurring subsequent to October 1, 1951.

XVII. When Glendo Dam and Reservoir are constructed, the following provisions shall be effective:

(a) The construction and operation of the Glendo Project shall not impose any demand on areas at or above Seminoe Reservoir which will prejudice any rights that the States of Colorado or Wyoming might have to secure a modification of the decree permitting an expansion of water uses in the natural basin of the North Platte River in Colorado or above Seminoe Reservoir in Wyoming.

(b) The construction and operation of Glendo Reservoir shall not affect the regimen of the natural flow of the North Platte River above Pathfinder Dam. The regimen of the natural flow of the North Platte River below Pathfinder Dam shall not be changed, except that not more than 40,000 acre feet of the natural flow of the North Platte River and its tributaries which cannot be stored in upstream reservoirs under the provisions of this decree may be stored in the Glendo Reservoir during any water year, in addition to evaporation losses on such storage, and, further, the amount of such storage water that may be held in storage at any one time, including carryover storage, shall never exceed 100,000 acre feet. Such storage water shall be disposed of in accordance with contracts to be hereafter executed, and it may be used for the irrigation of lands in the basin of the North Platte River in western Nebraska to the extent

of 25,000 acre feet annually, and for the irrigation of lands in the basin of the North Platte River in southeastern Wyoming below Guernsey Reservoir to the extent of 15,000 acre feet annually, provided that it shall not be used as a substitute for storage water contracted for under any existing permanent arrangements. The above limitation on storage of natural flow does not apply to flood water which may be temporarily stored in any capacity allocated for flood control in the Glendo Reservoir, nor to water originally stored in Pathfinder Reservoir which may be temporarily re-stored in Glendo Reservoir after its release from Pathfinder and before its delivery pursuant to contract; nor to water which may be impounded behind Glendo Dam, as provided in the Bureau of Reclamation Definite Plan Report for the Glendo Unit dated December 1952, for the purpose of creating a head for the development of water power.

(c) Paragraph III of the decree is amended to read as follows:

III. The State of Wyoming, its officers, attorneys, agents and employees, be and they are hereby severally enjoined from storing or permitting the storage of water in Pathfinder, Guernsey, Seminoe, Alcova and Glendo Reservoirs otherwise than in accordance with the relative storage rights, as among themselves, of such reservoirs, which are hereby defined and fixed as follows:

First, Pathfinder Reservoir;
Second, Guernsey Reservoir;
Third, Seminoe Reservoir;
Fourth, Alcova Reservoir; and
Fifth, Glendo Reservoir;

Provided, however that water may be impounded in or released from Seminoe Reservoir, contrary to the foregoing rule of priority operation for use in the generation of electric power when and only when such storage or release will not materially interfere with the administration of water for irrigation purposes according to the priority decreed for the French Canal and the State Line Canals.

Storage rights of Glendo Reservoir shall be subject to the provisions of this paragraph III.

(d) Paragraph IV of the decree is amended to read as follows:

IV. The State of Wyoming, its officers, attorneys, agents and employees be and they are hereby severally enjoined from storing or permitting the storage of water in Pathfinder, Guernsey, Seminoe, Alcova and Glendo Reservoirs, and from the diversion of natural flow water through the Casper Canal for the Kendrick Project between and including May 1 and September 30 of each year otherwise than in accordance with the rule of priority in relation to the appropriations of the Nebraska lands supplied by the French Canal and by the State Line Canals, which said Nebraska appropriations are hereby adjudged to be senior to said five reservoirs and said Casper Canal, and which said Nebraska appropriations are hereby identified and defined, and their diversion limitations in second feet and seasonal limitations in acre feet fixed as follows:

| Lands | Canal | Limitation in Sec. Feet | Seasonal Limitation in Acre Ft. |
|---|---|---|---|
| Tract of 1025 acres | French | 15 | 2,227 |
| Mitchell Irrigation District | Mitchell | 195 | 35,000 |
| Gering Irrigation District | Gering | 193 | 36,000 |
| Farmers Irrigation District | Tri-State | 748 | 183,050 |
| Ramshorn Irrigation District | Ramshorn | 14 | 3,000 |

(e) Paragraph V of the decree is amended to read as follows:

V. The natural flow in the Guernsey Dam to Tri-State Dam section between and including May 1 and September 30 of each year, including the contribution of Spring Creek, be and the same hereby is apportioned between Wyoming and Nebraska on the basis of twenty-five per cent to Wyoming and seventy-five per cent to Nebraska, with the right granted Nebraska to designate from time to time the portion of its share which shall be delivered into the Interstate, Fort Laramie, French and Mitchell Canals for use on the Nebraska lands served by these canals. The State of Nebraska, its officers, attorneys, agents and employees, and the State of Wyoming, its officers, attorneys, agents and employees, are hereby enjoined and restrained from diversion or use contrary to this apportionment, provided that in the apportionment of water in this section the flow for each day, until ascertainable, shall be assumed to be the same as that of the preceding day, as shown by the measurements and computations for that day, and provided further, that unless and until Nebraska, Wyoming and the United States agree upon a modification thereof, or upon another formula, reservoir evaporation and transportation losses in the segregation of natural flow and storage shall be computed in accordance with the following formula taken from United States' Exhibit 204A and the stipulation of the parties dated January 14, 1953, and filed on January 30, 1953:

Reservoir Evaporation Losses.

Seminoe, Pathfinder and Alcova Reservoirs.

Evaporation will be computed daily based upon evaporation from Weather Bureau Stand-

ard 4 foot diameter Class "A" pan located at Pathfinder Reservoir. Daily evaporation will be multiplied by area of water surface of reservoir in acres and by co-efficient of 70% to reduce pan record to open water surface.

Glendo and Guernsey Reservoirs.

Compute same as above except use pan evaporation at Whalen Dam.

River Carriage Losses.

River carriage losses will be computed upon basis of area of river water surface as determined by aerial surveys made in 1939 and previous years and upon average monthly evaporation at Pathfinder reservoir for the period 1921 to 1939, inclusive, using a co-efficient of 70% to reduce pan records to open water surface.

Daily evaporation losses in second-feet for various sections of the river are shown in the following table:

TABLE

| River Section | Area Acres | May | June | July | Aug. | Sept. |
|---|---|---|---|---|---|---|
| Alcova to Glendo Reservoir | 6,740 | 43 | 61 | 70 | 61 | 45 |
| Guernsey Reservoir to Whalen | 560 | 4 | 5 | 6 | 5 | 4 |
| Whalen to State Line | 2,430 | 16 | 22 | 25 | 22 | 16 |

Above table is based upon mean evaporation at Pathfinder as follows: May .561 ft.; June .767 ft.; July .910 ft.; Aug. .799 ft.; Sept. .568 ft. Co-efficient of 70% to reduce pan record to open water surface.

Above table does not contain computed loss for section of river from Glendo Dam to head of Guernsey Reservoir (area 680 acres) because this area is less than submerged area of original river bed (940

acres) in Glendo Reservoir and is, therefore, considered as off-set.

Above table does not contain computed loss for section of river from Pathfinder Dam to head of Alcova Reservoir (area 170 acres) because this area is less than submerged area of original river bed in Alcova Reservoir and is, therefore, considered as off-set.

Likewise the area between Seminoe Dam and head of Pathfinder Reservoir is less than area of original river bed through Pathfinder Reservoir—considered as off-set. Evaporation losses will be divided between natural flow and storage water flowing in any section of river channel upon a proportional basis. This proportion will ordinarily be determined at the upper end of the section except under conditions of intervening accruals or diversions that materially change the ratio of storage to natural flow at the lower end of the section. In such event the average proportion for the section will be determined by using the mean ratio for the two ends of the section.

In the determination of transportation losses for the various sections of the stream, such time intervals for the passage of water from point to point shall be used as may be agreed upon by Nebraska, Wyoming and the United States, or in the absence of such agreement, as may be decided upon from day to day by the manager of the government reservoirs, with such adjustments to be made by said manager from time to time as may be necessary to make as accurate a segregation as is possible.

*Clarence S. Beck,* Attorney General, and *Bert L. Overcash,* Assistant Attorney General, for the State of Nebraska, *Howard B. Black,* Attorney General, for the

State of Wyoming, *Duke W. Dunbar,* Attorney General, *H. Lawrence Hinkley,* Deputy Attorney General, and *Jean S. Breitenstein* for the State of Colorado, and *Acting Solicitor General Stern* for the United States.