BURNETT, APPELLANT, *v.* CLEVELAND CRANE & ENGINEERING CO. ET AL., APPELLEES.

(No. 846—Decided January 17, 1967.)

*Mr. Charles S. Tricarichi,* for appellant.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress* and *Mr. John M. Ulman,* for appellee Cleveland Crane & Engineering Co.

*Mr. William B. Saxbe,* attorney general, and *Mr. William M. Culbert,* for appellees. Administrator of Bureau of Workmen's Compensation and the Industrial Commission.

DOYLE, P. J. The plaintiff commenced this litigation by filing an application for death benefits with the Bureau of Workmen's Compensation. The application was denied by the administrator on March 25, 1964. An appeal was taken from this

decision to the Cleveland Regional Board of Review, which board affirmed the decision of the administrator, whereupon appeal was taken to the Industrial Commission of Ohio.

On April 20, 1965, the Industrial Commission, pursuant to hearing, denied plaintiff's claim, the notice of which was received by the plaintiff-claimant on May 21, 1965; on May 28, 1965, the claimant filed with the Industrial Commission an application for reconsideration of its decision; on August 9, 1965, this application was denied; on September 10, 1965, the claimant filed her notice of appeal to the Court of Common Pleas of Lake County.

Subsequent to the filing of the notice of appeal to the Court of Common Pleas, motions were filed by the defendants attacking the jurisdiction of the court over the subject matter of the action. Following a hearing on the motions, judgment was entered in these terms:

"This cause coming on to be heard upon the motion * * * and briefs, upon consideration thereof the court finds that said motion should be and hereby is sustained and the pretended service of process * * * is quashed, vacated, set aside and held for naught and this cause is dismissed with prejudice.

"Exceptions are granted to plaintiff."

The instant appeal is from that judgment, with a single assignment of error in the following terms:

"The judgment of the Court of Common Pleas sustaining defendant's motion to dismiss for lack of jurisdiction is contrary to law."

The trial court predicated its judgment on the failure of the claimant to file her notice of appeal in the Court of Common Pleas within 60-days from the date of the original order of the Industrial Commission, and, as a consequence, the jurisdiction of the Court of Common Pleas had not been invoked. The court stated in its opinion that:

" * * *

" * * * Neither the statutes nor the rules and regulations of the Industrial Commission authorize the filing of an application to reconsider. Plaintiff contends that the final order of the Industrial Commission occurred upon the denial of the application for reconsideration, but it is the opinion of this

court that the statutory period of sixty (60) days would be from the original determination of the claim and the receipt of notice to the plaintiff of the finding of the commission * * *.''

It is asserted in argument by the claimant-appellant that: the filing of an application for reconsideration to the Industrial Commission is an appropriate and proper action, and, when such application is filed, the 60-day period during which an appeal to the Court of Common Pleas may be filed, pursuant to Section 4123.519, Revised Code, must be considered commenced on the date of the decision of the commission on the application for reconsideration, and not from the original determination of the claim and the receipt of notice by the claimant of the commission's determination.

We have no doubt that the Industrial Commission may reconsider its decisions, and within a 60-day period may modify or revoke them, either *sua sponte* or upon application of a party. However, there is neither statute nor rule which provides for the filing of an application for rehearing in a case of the kind now before us. Likewise, there is neither statute nor rule tolling the statutory limitations by the filing of an application for reconsideration.

This court must take the statutes as they are, and, in doing so, we find that the provisions of Section 4123.519, Revised Code, provide the jurisdictional steps necessary for appeal. From the dates heretofore set forth, upon which the various steps were taken, it is obvious that more than 60-days had elapsed from the date of the final appealable order. The application for reconsideration did not toll the time for appeal.

*Judgment affirmed.*

HUNSICKER and BRENNEMAN, JJ., concur.

DOYLE, P. J., HUNSICKER and BRENNEMAN, JJ., of the Ninth Appellate District, sitting by designation in the Seventh Appellate District.