STONY'S TRUCKING CO., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Stony's Trucking Co. v. Pub. Util. Comm. (1972), 32 Ohio St. 2d 139.]

(No. 72-103—Decided December 13, 1972.)

141

Messrs. *Sanborn, Brandon & Duvall* and *Mr. James Duvall*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. Walter E. Carson* and *Mr. Thomas P. Michael*, for appellee.

Messrs. *Burneson, Krier, Clark & Asher* and *Mr. Taylor C. Burneson*, for intervenor-appellees.

LEACH, J. Appellant asserts that the Public Utilities Commission acted unlawfully and unreasonably in interpreting appellant's Certificate No. 784-I and in ordering appellant to cease and desist from transporting iron and steel articles. It argues that Certificate No. 784-I, issued to its predecessor in interest in 1939, authorizes "* * * the transportation of certain iron and steel articles," thus authorizing the tariff filed by it on January 14, 1971.

In reaching its decision, the commission examined the history of Certificate No. 784-I. It concluded that the hauling of iron and steel articles was not contemplated, either by the commission or the applicant, when the certificate was issued in 1939, nor was such service ever attempted under the certificate prior to the present tariff filing.

Appellant urges that the commission, in delineating the extent of the authority conveyed by the certificate, should not have examined that history, but rather should

have made a determination solely from the language of the certificate. This reasoning is derived from *Sims Motor Transport Lines Inc., Revocation of Certificate* (1956), 66 M. C. C. 553, 11 F. C. C. 577, which contained the following language:

"In construing motor carrier authority consideration may properly be given to the record upon which such authority was granted and other extraneous matters *only* if the authority is itself indefinite or ambiguous. If not patently indefinite or ambiguous it must be construed according to its terms regardless of what may have been intended."

While it is true that the commission is not bound by the rules of interpretation applied by the Interstate Commerce Commission (see *Toledo Edison Co.* v. *Pub. Util. Comm.* [1954], 161 Ohio St. 221), the failure of appellant's argument lies primarily with the language used in Certificate No. 784-I. Far from being plain and unambiguous, the language in the certificate is so broad and vague as to require reference outside the instrument in order to comprehend its meaning. The phrase "extra-heavy or special property requiring special loading equipment" cannot possibly be defined from examination of the certificate alone. Definition can only be achieved through examination of the factors leading to the granting of the certificate by the Public Utilities Commission.

In a broad sense, the goal of interpretation of legal documents is to determine the intent of the parties. If this goal can be achieved through examination of the document alone, parol evidence is unnecessary. But where, as here, the language of a document is general, reference to the circumstances surrounding the formation of the document is necessary to a complete understanding of the agreement contained therein.

From an examination of the record we conclude that the Public Utilities Commission was warranted in its determination that the 1939 certificate did not authorize the tariff filed by appellant on January 14, 1971.

Appellant also asserts that the Public Utilities Commission has a duty "to frame its order in language that is clear, definite and capable of reasonable interpretation," and that the commission's order of October 22, 1971, does not comply with such requirement.

Appellant is correct in contending that the orders of the commission must be framed in language that is "clear." In the present case, however, this standard has been met. The order that Stony's furnish "* * * only the transportation service authorized" does not fail for lack of clarity. Stony's is familiar with the history of Certificate No. 784-I and should be aware of its scope. Such awareness is indicated by Stony's attempted withdrawal of the tariff.

Requiring the commission, as appellant suggests, to provide "lists" of commodities which Stony's can and cannot haul would place an unreasonable burden on the commission. Item 1185, as contained in the tariff filed on January 14, 1971, constitutes such a list, and the commission has held that this list of items was outside the grant of hauling authority contained in Certificate No. 784-I. The filing of Item 1185 amounted to an attempt by Stony's to expand service without the requisite grant of authority from the Public Utilities Commission of Ohio.

Appellant's assertion that the commission failed to comply with R. C. 4909.27 is without merit. Where the commission does not specify the period of duration of a suspension, it is presumed to be for the maximum period authorized by the statute; that is, 120 days, with provision for a 30-day extension. In the present case, the commission issued its suspension order on February 12, 1971, and subsequently held a public hearing on March 2, 1971, in which appellant participated. The commission issued its opinion and order on October 22, 1971. The effect of the sequence of events was to delay the "effective date" of the tariff by 120 days from the proposed effective date of February 15, 1971. Although the tariff became effective prior to the issuance of the opinion and order by the Public Utilities Commission of October 22, 1971, the commission is

authorized to take action upon a tariff after it has become effective. R. C. 4909.27 provides in part:

"* * * After a full hearing, whether completed before *or after* the rate, charge, classification, regulation, or practice goes into effect, the commission may make such order in reference to such rate, charge, classification, regulation, or practice as would be proper in a proceeding initiated *after* the rate, charge, classification, regulation, or practice, had become effective." (Emphasis supplied.)

The notice given to the appellant of the subject matter of the March 2, 1971, hearing was reasonable in light of the circumstances surrounding the giving of that notice. It specifically apprised the appellant that "* * * the scope of authority encompassed by Certificate No. 784-I" would be considered at the hearing. Appellant was further made aware of the purpose for the hearing by the petition for suspension filed by the intervening appellees, to which Stony's filed a reply.

Appellant has not substantiated its contention that the commission failed to give equal application to generic language within similar certificates. Stony's has offered no specific examples of certificates with the same or substantially similar language which have received a different interpretation.

Appellant having failed in its burden of proof to show that the commission's order was either unlawful or unreasonable, the order of the commission is affirmed.

*Order affirmed.*

O'Neill, C. J., Herbert, Stern and Brown, JJ., concur.

Schneider and Corrigan, JJ., dissent.