LINK TRUCKING, INC., Plaintiff,

v.

PUBLIC SERVICE COMMISSION OF UTAH et al., Defendants.

No. 13560.

Supreme Court of Utah.

Sept. 26, 1974.

Wood R. Worsley and Stuart L. Poelman, of Worsley, Snow & Christensen, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for Public Service Commission.

Harry D. Pugsley, Salt Lake City, for Dalbo.

Thomas M. Zarr, Salt Lake City, for Bowen and Northwestern.

TUCKETT, Justice:

On its own initiative, the Public Service Commission entered into an investigation

and suspension proceeding with respect to the rates, tariffs, practices and authority of Link Trucking, Inc., (hereinafter referred to as Link) in the transportation of bulk oil field drilling fluids. The plaintiff is here seeking a review of the proceedings and the order of the Commission.

The Commission ordered Link to cease and desist from transporting hydrafracturing fluids, salt water brine, water and other fluids used for the purpose of drilling, completing, reworking and perpetuation of oil wells in Utah, and it also cancelled the tariff of Link for the transport of the above mentioned materials in tank vehicles.

Prior to September, 1972, Link had not engaged in the transportation of drilling fluids. Thereafter Link leased equipment suitable for the purpose and commenced hauling oil field drilling fluids in bulk in November, 1972. Link continued to transport drilling fluids until shortly prior to the hearing of this matter by the Commission on May 23, 1973.

In the years prior to the occurrences now under consideration Link and its predecessors have held a certificate of public convenience and necessity. The authority granted to Link is in the following language:

> To operate as a common carrier by motor vehicle for the transportation of general commodities except acid and petroleum products in bulk, and except commodities which by reason of their weight, size and shape require special equipment and special handling, over regular and irregular routes as follows:
>
> . . .

The basic issue in this proceeding is the interpretation to be given Link's authority to transport general commodities, and whether or not bulk oil field drilling fluids used come within that classification. The Link certificate excludes authority to transport commodities "which by reason of their weight, size and shape require special

equipment and special handling." After the hearing of this matter, the Commission found that Link's authority embraces general commodities with specific exclusions and the drilling fluids are commodities which by reason of their weight, size and shape require special equipment and special handling and are consequently not embraced in Link's limited authority to transport "general commodities." The Commission concluded that Link should be ordered to cease and desist from transporting drilling fluids until such time as it has secured authority therefor. It appears that the findings of the Commission are based upon the evidence that the transportation of drilling fluids requires the use of tank trucks equipped with special pumps. Those persons and corporations engaged in the selling of drilling fluids utilize special equipment to transport those products due to the fact that the use of standard equipment is not economically feasible.

The terms "general commodities" and "property" commonly found in certificates of convenience and necessity have been delineated by the Commission in its prior decisions.[1] No attempt has been made to define those terms so as to make them apply to all certificates generally. The scope of such authority may vary due to different conditions at the time the certificate was issued and therefor the meaning of the terms "general commodities" and "property" have been based upon the facts of each case. This court has not attempted to define those terms generally and to apply them to all certificates.

In this case it appears that Link initiated a new service in the transportation of drilling fluids, which was in direct competition with existing carriers.

The determination by the Commission that the authority of Link to haul general commodities did not authorize it to transport liquid drilling fluids was not unreasonable, or arbitrary and it appears to be based upon the evidence. As this court

1. Milne Truck Lines, Inc. v. Public Service Commission, 13 Utah 2d 72, 368 P.2d 590;

Uintah Freightways v. Public Service Commission, 15 Utah 2d 221, 390 P.2d 238.

has said in prior cases, the Commission is best suited to determine what its orders mean.[2]

We find no error in the decision of the Commission which would require a reversal by this court. The decision of the Public Service Commission is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

2. Reaveley v. Public Service Commission, 20 Utah 2d 237, 436 P.2d 797.