BESL CORPORATION, APPELLANT, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO, APPELLEE.

[Cite as Besl Corp. v. Pub. Util. Comm. (1976),
45 Ohio St. 2d 146.]

(No. 75-669—Decided February 18, 1976.)

*Messrs. Muldoon, Pemberton & Ferris* and *Mr. James W. Muldoon,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. Ronald E. Prater,* for appellee.

HERBERT, J.  The central issue presented is whether the commission erred by considering the history of appellant's

148

certificate in determining if the transportation of iron and steel articles, automobile gear frames and aluminum ingots was authorized thereunder.

This court was presented with a similar situation in *Stony's Trucking Co.* v. *Pub. Util. Comm.* (1972), 32 Ohio St. 2d 139, 290 N. E. 2d 565. There, in finding that a certificate did not permit the hauling of certain iron and steel articles, the commission examined the history of the certificate.[1] In responding to appellant's contention that the commission should not have examined that history, but instead must make a determination solely from the language of the certificate, the *Stony's* court stated, at page 142:

"'* * * the failure of appellant's argument lies primarily with the language used in Certificate No. 784-I. Far from being plain and unambiguous, the language in the certificate is so broad and vague as to require reference outside the instrument in order to comprehend its meaning. The phrase 'extra-heavy or special property requiring special loading equipment' cannot possibly be defined from examination of the certificate alone. Definition can only be achieved through examination of the factors leading to the granting of the certificate by the Public Utilities Commission.

"'In a broad sense, the goal of interpretation of legal documents is to determine the intent of the parties. If this goal can be achieved through examination of the document alone, parol evidence is unnecessary. But where, as here, the language of a document is general, reference to the circumstances surrounding the formation of the document is necessary to a complete understanding of the agreement contained therein.''

Thereupon, the court announced in its syllabus that "[w]here the language of a certificate of public convenience and necessity is ambiguous, the Public Utilities Commis-

---

[1] Appellant's certificate in *Stony's* authorized the transportation of property:

"* * * from and to Springfield, Ohio, and also to transport property limited to extra heavy or special property requiring special loading equipment or special equipment adapted to moving such property, to and from any point within the state of Ohio."

sion when interpreting such certificate may properly consider its history.''

In the case at bar, the phrase "articles which by reason of their size and weight require the use of specialized equipment to load, unload, and/or transport," found in appellant's certificate, also cannot be defined from an examination of the certificate alone, but requires reference outside the instrument in order to comprehend its meaning. Because such language is ambiguous, the commission was warranted in examining the history of the certificate to determine if it authorized the transportation of the items in question.

The record herein establishes that when appellant's certificate was originally issued in 1940, it contemplated the transportation of excavating machines, shovels, cranes, draglines, road paving equipment, and caterpillar tractors. Although the certificate's language was modified in 1960 to its present form, the record reflects further that the reformation was not intended to broaden the scope of such certificate, but only to prohibit the transportation of liquid commodities and cement in tank vehicles.[2] Additionally, there was no evidence before the commission that any prior holder of appellant's certificate had, in fact, transported the items which are the subject of this action. Therefore, it is our conclusion that the commission's determination that appellant's certificate did not authorize the hauling of iron and steel articles, automobile gear frames, and aluminum ingots is not unreasonable or unlawful, and is supported by the record.[3]

---

[2]This is also evidenced from the fact that at a hearing before the commission in October 1961, concerning the transfer of certificate No. 6672-I to appellant, Besl's president stated he understood that the authority contained within the certificate was "restricted to heavy hauling equipment."

[3]Appellant asserts that the part of the commission's order suspending its operating rights under the certificate for five days was unlawful. However, the commission's authority to "revoke, alter, or amend" a certificate pursuant to R. C. 4921.10 includes the authority to suspend operations under a certificate upon violation of a statute or valid rule of the commission. *Dworkin, Inc.*, v. *Pub. Util. Comm.* (1953), 159 Ohio St. 174, 111 N. E. 2d 389.

150

Appellant submits, however, that it often transported the contested articles between 1962 and 1972, without objection from the commission; in essence, appellant contends that this acquiescence should estop the commission from now prohibiting such shipments.

Generally, the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function. See *State, ex rel. Upper Scioto Drainage & Conservancy Dist.*, v. *Tracy* (1932), 125 Ohio St. 399, 181 N. E. 811; *State, ex rel. Kildow*, v. *Indus. Comm.* (1934), 128 Ohio St. 573, 192 N. E. 873; *Interstate Motor Freight System* v. *Donahue* (1966), 8 Ohio St. 2d 19, 221 N. E. 2d 711; *Van Gilder* v. *Denver* (1939), 104 Colo. 76, 89 P. 2d 529; *Alexander Co.* v. *Owatonna* (1946), 222 Minn. 312, 24 N. W. 2d 244; *Main* v. *Dept. of Highways* (1965), 206 Va. 143, 142 S. E. 2d 524.

In *Sims Motor Transport Lines* v. *United States* (N. D. Ill., 1959), 183 F. Supp. 113, the Interstate Commerce Commission found that a carrier's certificate did not authorize the transportation of certain commodities. In appealing that decision, the carrier argued that the I. C. C. should be estopped to deny such authority because it had hauled the commodities for 25 years. The court rejected this argument by stating, at page 119:

"It is well established law that plaintiff may not raise the doctrine of estoppel or laches against the United States. * * * Nor can plaintiff assert that its transportation of the items in question over a period of years render such transportation legal today. * * *"

For the foregoing reasons, the order of the commission is affirmed.

*Order affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.