HOLMES CARTAGE COMPANY, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Holmes Cartage Co. v. Pub. Util. Comm. (1976), 46 Ohio St. 2d 267.]

(No. 75-762—Decided May 26, 1976.)

Mr. *Taylor C. Burneson*, for appellant.

Mr. *William J. Brown*, attorney general, Mr. *John B. Bentine* and Mr. *Charles S. Rawlings*, for appellee.

*Per Curiam.* The issue in this case is whether the commission acted unreasonably or unlawfully in holding that the ''special equipment'' portion of appellant's certificate did not include authority to transport mobile homes. The opinion of the commission relied heavily upon the fact that in the 1949 hearings to consider the addition of the ''special equipment'' authority to the appellant's certificate, the only evidence of public convenience and necessity presented related to heavy equipment for strip-mining and contracting needs. There was no reference in the record of that case to the transport of mobile homes.

The facts of this case are virtually identical to those in *Stony's Trucking Co.* v. *Pub. Util. Comm.* (1972), 32 Ohio St. 2d 139, 290 N. E. 2d 565. In that case, the court stated at page 141:

''Appellant urges that the commission, in delineating the extent of the authority conveyed by the certificate, should not have examined that history, but rather should have made a determination solely from the language of the certificate.

''* * *

''* * * Far from being plain and unambiguous, the language in the certificate is so broad and vague as to require reference outside the instrument in order to comprehend its meaning. The phrase 'extra-heavy or special property requiring special loading equipment' cannot possibly be defined from examination of the certificate alone. Definition can only be achieved through examination of the factors leading to the granting of the certificate by the Public Utilities Commission.

''In a broad sense, the goal of interpretation of legal documents is to determine the intent of the parties. If this goal can be achieved through examination of the document alone, parol evidence is unnecessary. But where, as here, the language of a document is general, reference to the circumstances surrounding the formation of the document is necessary to a complete understanding of the agreement contained therein.''

Here, the language of the certificate was virtually identical to that in Stony's and equally ambiguous, and the commission was plainly justified in interpreting the certificate by considering its history.

The appellant contends that while the commission may consider the history of a certificate to aid in interpreting ambiguous language, it may not by interpretation restrict the authority which the commission originally intended to grant. In other words, the appellant contends that the commission in this proceeding wrongly interpreted the intent of the commission in its original decision granting the "special equipment" authority.

The record of the hearing belies that claim, for the testimony there was limited to the support of a need to transport various sorts of heavy machinery. Nowhere was the authority to transport mobile homes either requested by the applicant or sought by the supporting witnesses.

From an examination of the record in this case, we conclude that the commission interpreted the language of this certificate in the same manner that it interpreted analogous language in Stony's Trucking, supra, and that no special circumstances have been shown which might justify a different result.

The findings of the commission were both lawful and reasonable, and its order is accordingly affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, STERN, W. BROWN and P. BROWN, JJ., concur.
CORRIGAN and CELEBREZZE, JJ., dissent.