**DART TRANSIT COMPANY, Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents.**

No. 77–1173.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1977.

Decided Dec. 21, 1977.

James C. Hardman (argued), Chicago, Ill., for petitioner; Brainerd W. LaTourette, St. Louis, Mo., on brief.

Kenneth P. Kolson (argued), I. C. C., Washington, D. C., for respondent; Mark L. Evans, Gen. Counsel, Charles H. White, Jr., Associate Gen. Counsel, I. C. C., Washington, D. C., John H. Shenefield, Acting Asst. Atty. Gen., Robert B. Nicholson, Susan J. Atkinson, Dept. of Justice, Washington, D. C., on brief.

Before GIBSON, Chief Judge, LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

The petitioner, Dart Transit Company, is operating under a carrier's permit issued by the Interstate Commerce Commission that in certain respects was limited and interpreted under a Cease and Desist Order issued on May 26, 1952. That order held that Dart was transporting tin plate without appropriate authority. Dart filed a petition with the ICC to modify the Cease and Desist Order on September 25, 1974, alleging that conditions had changed since 1952 and that its contract carrier authority to handle "packinghouse supplies" and "canning factory supplies" embraced the hauling of tin plate to canneries and other users.

By equating tin plate with "packinghouse or canning factory supplies," Dart sought modification of the Cease and Desist Order to allow it to carry tin plate, apparently to concerns that would process tin plate for sale to packinghouses or canneries. Dart's position was that since tin plate was manufactured into cans which in turn might be sold to packinghouses and canneries for use in packaging packinghouse products and canned goods, such tin plate could be hauled as packinghouse or canning factory supplies. Dart's construction and interpretation of its present authority was urged upon the ICC as a basis for modification of the Cease and Desist Order of 1952, recognizing that the 1952 order precluded the hauling of such tin plate.

In 1952 the ICC noted that the record shows that tin plate was never purchased by a packinghouse or cannery and held that tin plate was not a canning or packinghouse material. Dart, in presenting the present review petition, filed verified statements by some witnesses indicating that there were companies that received and utilized tin plate in manufacturing cans for their own use. Dart, however, never specifically presented the issue that it desired authority to carry tin plate only to such companies. Division I of the ICC, acting as an appellate division, held there was an inadequate factual basis upon which to make a proper legal interpretation of the issues at hand; that Dart failed to carry its burden to fully supply the ICC with all relevant facts, including present shippers sought to be served and the means of manufacturing sought to be employed by those shippers, that the petition process did not readily lend itself to such an evidence gathering function, and that the proper course for Dart would be to file an application for

permanent authority corresponding to the operation it proposes with proper shipper support. The Commission modified the 1952 order as it related to other types of cargo but refused to relax the tin plate provisions. The Commission denied a petition for reconsideration and Dart filed this timely petition for review of the Commission's order.

Dart contends that the ICC erred in interpreting the burden of proof it placed upon Dart and failed to address itself to the issue of whether the factual basis underlying the original Cease and Desist Order is still correct. Dart also claims that the ICC's interpretation of Dart's authority as being "intended use" authority and the limitations placed thereon by the Commission are not viable in "law" in view of subsequent administrative and judicial rulings. We reject these contentions and affirm.

 The Commission was specifically created for issuing carrier permits and is the body best suited to determine the extent and coverage of those permits. Its construction is controlling on the court unless its orders are clearly erroneous, arbitrary or capricious. *Andrew G. Nelson, Inc. v. United States*, 355 U.S. 554, 558, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); *Dart Transit Co. v. ICC*, 110 F.Supp. 876 (D.Minn.), *aff'd* 345 U.S. 980, 73 S.Ct. 1138, 97 L.Ed. 1394 (1953); *Mitchell Bros. Truck Lines v. United States*, 225 F.Supp. 755, 758–59 (D.Or.1963), *aff'd* 378 U.S. 125, 84 S.Ct. 1657, 12 L.Ed.2d 744 (1964).

 The Commission's view of Dart's permit authority as being one of "intended use" and its interpretation of the terms "packinghouse supplies" and "canning factory supplies" as not embracing tin plate have not been shown to be erroneous.[1] These determinations are entitled to great weight upon review by us. The Commission has expertise in such interpretations, and these appear consistent with logic and appropriate legal principles.

 The Commission also was well within its discretion in declining a broad modification of the Cease and Desist Order upon this record. The carrier should have disclosed detailed information regarding whom the tin plate was to be shipped to and the use to be made of the tin plate by the party to whom it was shipped.

The Commission's order is affirmed.

---

1. Tin plate is not in a form, when transported, to be readily used by a packinghouse or canning factory.