252

WEISS TRUCKING COMPANY, INC., APPELLANT, *v.* PUBLIC
UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

(No. 78-221—Decided December 7, 1978.)

Messrs. *Stiverson & Alden* and Mr. *John L. Alden,* for appellant.

Mr. *William J. Brown,* attorney general, Mr. *Marvin I. Resnik* and Mr. *John F. Stets,* for appellee.

Messrs. *George, Greek, King, McMahon & McConnaughey,* and Mr. *David A. Turano,* for appellee-intervenor, Schwerman Trucking Co.

*Per Curiam.* Appellant contends that the language of certificate No. 6969-I is so unambiguously worded that appellant is not restricted to the transportation of commodities in dump trucks only and that, therefore, the commission may not properly examine the certificate's history in

interpreting it. Appellant attempts to distinguish this court's decision *Stony's Trucking Co.* v. *Pub. Util. Comm.* (1972), 32 Ohio St. 2d 139, on those grounds.

The certificate's language is not unambiguous In fact, its language is very similar to that of certificate No. 6127-I which this court interpreted in *Harold W. Stewart, Inc.,* v. *Pub. Util. Comm.* (1965), 4 Ohio St. 2d 49, and which authorized:

"transportation of property over irregular routes from and to any point in Lucas and Wood Counties, Ohio, RESTRICTED to the transportation of sand, gravel, crushed stone, cement, cinders, dirt, concrete and such other property as is usually transported in dump trucks."

In that case, this court affirmed an order of the commission which found that under the authority of certificate No. 6127-I commodities could not be transported in equipment not covered by the phrase "dump trucks."

Appellant alleges further that the commission's order that certificate No. 6969-I be rewritten and reissued according to its original language is unlawful since the commission may not revoke, alter, or amend a certificate without complying with the procedural requirements of R. C. 4921.10. The commission, however, did not order that the certificate be revoked, altered, or amended. It merely ordered that the certificate be rewritten to conform to its original language.

The order of the Public Utilities Commission, being neither unreasonable nor unlawful, is affirmed.

*Order affirmed.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.