**SKJONSBY TRUCK LINE, INC., Fargo, North Dakota, Plaintiff and Appellant,**

v.

**Richard ELKIN, Bruce Hagen, and Leo Reinbold, as members of the North Dakota Public Service Commission; Matador Service, Inc., Jim's Hotshop Service, Dan Dugan Transport Company, K & K Trucking, Inc., Hi-Line Trucking, Inc., Getter Trucking, Inc., Suhr Transport, Lawrence Transportation, M & O Construction and Black Hills Trucking, Inc., Respondents and Appellees.**

Civ. No. 10224.

Supreme Court of North Dakota.

Oct. 22, 1982.

Van Osdel, Foss & Miller, Fargo, for plaintiff and appellant; argued by Todd Foss, Fargo.

Daniel Kuntz, Asst. Atty. Gen., Public Service Com'n, Bismarck, for respondent and appellee Public Service Com'n; argued by Daniel Kuntz, Asst. Atty. Gen., Bismarck.

Hovland & Gambucci, Minneapolis, Minn., for respondent and appellee Hi-Line Trucking; argued by Frederick E. Whisenand, Jr., Williston.

McIntee & Whisenand, Williston, for respondents and appellees Getter Trucking, Inc., Suhr Transport, Lawrence Transp., M & O Const.; argued by Frederick E. Whisenand, Jr., Williston.

Fleck, Mather, Strutz & Mayer, Bismarck, for Kjelbertson Const. Co.; no appearance.

ERICKSTAD, Chief Justice.

This is an appeal by Skjonsby Truck Line, Incorporated (Skjonsby) from a judgment of the District Court of Burleigh County, dated April 2, 1982, affirming an order of the Public Service Commission (PSC), dated October 19, 1981. We reverse.

Skjonsby possesses Special Certificate of Public Convenience and Necessity Number 641 which, in relevant part, authorizes Skjonsby to transport "heavy construction equipment and other bulky objects ..." and "contractors equipment ... and related contractors materials and supplies ...." The certificate was originally issued in 1948 to E. Verl Maxwell and Gordon Gifford d/b/a G & M Transfer of Fargo. Skjonsby purchased the certificate in 1964; and in 1965 the PSC amended the certificate to include the provision authorizing transport of "contractors equipment ... and related contractors materials and supplies ...."

On June 2, 1981, Skjonsby filed a tariff with the PSC wherein Item 30 provided rates for the transportation of commodities "directly related to the development, exploration and production of oil and gas wells." On June 15, 1981, the PSC issued an Order of Suspension and Investigation and Notice of Hearing to determine whether or not Skjonsby's certificate authorized Skjonsby to transport those commodities referred to under Item 30 of its tariff. Subsequent to the hearing the PSC issued, on October 19, 1981, Findings of Fact, Conclusions of Law and Order, whereby it reissued Skjonsby's certificate to include express language prohibiting Skjonsby from transporting "oil field drilling rigs." Skjonsby appealed that aspect of the PSC's order to the district court, which subsequently affirmed the order.

On appeal to this Court from the district court's judgment Skjonsby has raised, among others, the following issue, our conclusion to which is dispositive of this appeal:

Whether or not the PSC, after stipulating that the proceedings would not include the issue of public necessity and convenience, based its determination on that issue and thereby violated Skjonsby's right to adequate notice and a fair hearing.

In its notice of hearing the PSC stated that the following three issues would be considered:

"1. Should the transportation of 'bulky objects' as set forth in Special Certificate No. 641 include the authority to transport commodities directly related to the development, exploration and production of oil and gas wells?

"2. Should the transportation of contractors equipment, related contractors materials and supplies as used in Special Certificate No. 641 include the authority to transport commodities directly related to the development, exploration and production of oil and gas wells?

"3. Does Public Convenience and Necessity require the transportation of oil field commodities, including commodities directly related to the development, exploration and production of oil and gas wells, by Skjonsby Truck Line, Inc. pursuant to Special Certificate No. 641."

It is undisputed that on June 26, 1981, Skjonsby and the PSC agreed that issue three would be withdrawn from consideration in the proceedings initiated by the PSC. At the hearing on July 7, 1981, Mr. Robert W. Senger, the hearing examiner and director of the Motor Carrier Division of the PSC, stated:

"On the 2nd day of July, 1981, the Commission received a motion to strike Issue No. 3 of the Order of Suspension and Investigation and Notice of Hearing from John R. Davidson, counsel for Getter Trucking, Inc. since the Commission has already agreed not to address Issue No. 3, the Commission will not issue an Order striking Issue No. 3 from its Order, and I'll now state that the Commission will not address Issue No. 3."

Subsequent to that statement Skjonsby's counsel, Mr. Richard P. Anderson, requested a clarification by the examiner:

"MR. ANDERSON: Now then, it's also my understanding that we are here just to address the definitional points set forth in Issues 1 and 2. Is that correct?

"THE EXAMINER: Yes."

Subsequent to the hearing the PSC entered the following pertinent findings of fact upon which it based its determination that Skjonsby's certificate did not authorize it to transport oil drilling rigs:

"The transportation of oil field drilling rigs requires the use of large amounts of expensive specialized equipment.... Thus the transportation of drilling rigs in North Dakota is a very unique and specialized service requiring both necessary equipment and experience unlike that generally used in transporting other heavy equipment or machinery.

"Skjonsby operates approximately 7 trucks and 26 trailers, the majority of which are located in Fargo. Although some of this equipment could be used in transporting certain parts of an oil field drilling rig, Skjonsby does not have the necessary specialized equipment to transport an entire oil field drilling rig or to set-up or dismantle such a rig. Furthermore, Skjonsby does not have enough equipment to both actively participate in the transportation of oil field drilling rigs and also meet its statewide common carrier responsibility.

"Skjonsby also does not have the necessary experience to transport oil field drilling rigs. Although Skjonsby has transported drilling rigs in the past, those rigs were more in the nature of water drilling rigs rather than the much larger and heavier oil field drilling rigs.

"We take official notice of the fact that in recent years this Commission issued a number of certificates to qualified Applicants to transport oil field drilling rigs. Each of those Applicants were supported by testimony from shippers that a need existed for additional carriers of oil field drilling rigs. During that time Skjonsby did not transport nor solicit the transportation of oil field drilling rigs pursuant to Certificate No. 641. It would be highly prejudicial to existing common motor carriers engaged in the transportation of oil field drilling rigs who have made substantial investments to enable themselves to provide that service to the public, if we were now to interpret Certificate No. 641 to authorize the transportation of oil field drilling rigs.

"For the above-mentioned reasons we find Certificate No. 641 does not authorize the transportation of oil field drilling rigs.

\* \* \* \* \* \*

"Although Skjonsby has not solicited the transportation of oil field equipment and supplies, it has transported, to a very limited degree, such materials and supplies. Skjonsby also has the equipment and skill to transport most oil field commodities, excluding drilling rigs. While we might, in some instances, be inclined

to amend a certificate of public convenience and necessity which has not been vigorously exercised to the full extent of its authority, we do not find it is in the public interest that Certificate No. 641 be amended at this time to exclude oil field equipment and supplies other than to prohibit the transportation of oil field drilling rigs. Skjonsby provides a publicly needed statewide service. In recent years, Skjonsby has experienced some financial difficulty in providing this service. Limiting its future operations to exclude oil field transportation may have a financial impact on the carrier such that it is no longer able to provide transportation for other commodities."

The foregoing findings of the PSC demonstrate that it based its determination upon such factors as the present ability of Skjonsby to provide the service of hauling oil drilling rigs, the present need for the service of transporting oil drilling rigs, and the effect on other carriers if Skjonsby received authorization to transport oil drilling rigs. Those factors are expressly enumerated by Section 49–18–14, N.D.C.C., as matters properly to be considered by the commission in determining whether the public convenience and necessity warrants the issuing of a certificate:

"*49–18–14. Factors to be considered by commission in granting certificate.* Before granting a certificate to a common motor carrier, the commission shall take into consideration:

1. The need for service proposed by the applicant;

2. The increased cost of maintaining the highway concerned;

3. The effect on other existing transportation facilities;

4. The fitness and ability of applicant to provide service;

5. Adequacy of proposed service; and

6. Such other information as the commission may deem appropriate.

If the commission finds that the transportation to be authorized by the certificate is not consistent with the public convenience and necessity the commission shall not grant such certificate."

The PSC expressly agreed that it would not consider such factors when it stipulated that issue three regarding public convenience and necessity would be withdrawn and not considered. Because the PSC stipulated the withdrawal of the public necessity and convenience issue but based its determination almost exclusively upon factors relating to that issue, we agree with Skjonsby that it failed to receive adequate notice affording it a fair hearing.

 Notice of an administrative proceeding is adequate if it apprises the party of the nature of the proceedings so that there is no unfair surprise. *Hentz Truck Line, Inc., Etc. v. Elkin,* 294 N.W.2d 774 (N.D.1980). If Skjonsby had not been led to believe, by the stipulation, that the issue of public convenience and necessity was withdrawn, it would have been adequately forewarned of the need to present evidence regarding such factors as its ability to transport oil drilling rigs, the need for such service in this state, and the effect its transport of oil drilling rigs would have on existing carriers. Although those were the factors upon which the PSC based its determination, the stipulation misled Skjonsby to believe that those factors would not be considered.

An agency's interpretation of a certificate of authority issued by it is generally treated with deference by the courts and is not set aside unless it is unreasonable, arbitrary or capricious. *Dart Transit Company v. United States,* 567 F.2d 818 (8th Cir. 1977); *Besl Corporation v. Public Utilities Commission,* 45 Ohio St.2d 146, 341 N.E.2d 835 (1976); *Link Trucking, Incorporated v. Public Service Commission of Utah,* 526 P.2d 1184 (Utah 1974); *Stony's Trucking Company v. Public Utilities Commission,* 32 Ohio St.2d 139, 290 N.E.2d 565 (1972); *Springer Corporation v. State Corporation Commission,* 81 N.M. 133, 464 P.2d 552 (1969); *Reaveley v. Public Service Commission,* 20 Utah 2d 237, 436 P.2d 797 (1968). However, in this proceeding the PSC went beyond interpretation of the certificate and instead made a determination of whether or

not public convenience and necessity would justify an authorization for Skjonsby to transport oil drilling rigs. Because the PSC withdrew that issue, but based its decision on it, Skjonsby was not afforded a fair hearing.

In civil actions the pleadings may be amended to include issues which, although not raised by the pleadings, were tried by express or implied consent of the parties. Rule 15, N.D.R.Civ.P. Although the North Dakota Rules of Civil Procedure generally are not applicable to administrative proceedings, Rule 1, N.D.R.Civ.P., *see, also, Colgate-Palmolive Company v. Dorgan,* 225 N.W.2d 278 (N.D.1974), the general rule that only issues which are raised and preserved in the lower court can be considered on appeal also applies to consideration of issues on appeal from administrative agency proceedings. *See, Petition of Village Board of Wheatland,* 77 N.D. 194, 42 N.W.2d 321 (1950). Unlike an issue in a civil action which simply has been omitted from the pleadings but tried by consent, the public convenience and necessity issue was expressly withdrawn from consideration in this case by stipulation of the parties; and Skjonsby objected during the hearing to the introduction of evidence relative to that issue.[1] Under the circumstances of this case we conclude that the public convenience and necessity issue was not tried with Skjonsby's express or limited consent, and we further conclude that Skjonsby preserved the question of inadequate notice on that issue for appeal purposes.

In its written conclusions of law the PSC stated, in relevant part:

"The Public Service Commission has the power to interpret, and for good cause and after hearing, amend or revoke a motor carriers certificate of public convenience and necessity."

The PSC is correct that it has authority to revoke or amend any certificate for good cause. However, pursuant to Section 49–18–16, N.D.C.C., the certificate holder must be given notice and opportunity to be heard before the commission can amend or revoke the certificate. Initially, Skjonsby may have been apprised of the public convenience and necessity issue by the PSC's notice, but when the PSC withdrew that issue it was improper for the commission to thereafter base its decision on it.

Our standard of review on appeal from a district court decision involving an appeal from an administrative agency is prescribed by Section 28–32–19, N.D.C.C., of the Administrative Agencies Practice Act, which provides in relevant part:

" . . . [T]he court shall affirm the decision of the agency unless it shall find that any of the following are present:

\* \* \* \* \* \*

4. The rules or procedure of the agency have not afforded the appellant a fair hearing."

For the reasons previously stated in this opinion we conclude that Skjonsby was not afforded a fair hearing. Consequently, we must reverse the judgment of the district court which affirmed the PSC's order. Nothing in this opinion is intended to preclude the PSC from considering the issue of public convenience and necessity as it re-

---

1. Skjonsby's counsel objected as follows:

"MR. ANDERSON: Mr. Examiner, before Mr. Clark testifies, I was asked what Mr. Jacobs had to testify to. I would like to know what Mr. Clark has to testify to. The issues presented and the record of hearing are quite clear. It's an interpretive matter as to whether or not Skjonsby can haul oilfield commodities under his bulky articles or his contractors' authority. If Mr. Clark proposes to testify as to those two limited items only, I have no objection to his testimony.

"MR. WHISENAND: We would offer to move that Mr. Clark of Getter Trucking, as a certified carrier operating in western North Dakota and throughout the State, does not view nor has ever recognized Skjonsby Truck Line, Inc., under its existing certificate as a competitive force or a viable competitor.

"MR. ANDERSON: And I suggest that that's irrelevant to the two issues that are set forth in the Notice of Hearing for our consideration in this proceeding. This is a legal issue, and the questions are: Can he haul oilfield commodities under these two pieces of authority. Unless Mr. Clark proposes to present some expert testimony as to why Skjonsby can or cannot, I suggest his testimony is not relevant to these two issues."

lates to Skjonsby's authority to transport items under its certificate, provided that Skjonsby receives adequate notice of the contemplated proceedings and that the PSC otherwise complies with the requirements of the law regarding its regulation of motor carriers.

In accordance with this opinion the judgment of the district court affirming the order of the PSC is hereby reversed.

SAND, PAULSON, PEDERSON and EVERETT N. OLSON, District Judge, concur.

OLSON, District Judge, sitting in place of VANDE WALLE, J., disqualified.

PEDERSON, Justice, concurring specially.

I agree with the opinion authored by the Chief Justice but think that a minor clarification would be helpful. Even though the North Dakota Rules of Civil Procedure generally are *not applicable to the proceedings* before the administrators, we have said that those rules are *applicable on appeals* from decisions of administrators. See *Schroeder v. Burleigh Cty. Bd. of Com'rs*, 252 N.W.2d 893, 895 (N.D.1977).