**HALE et al., Appellants,**

v.

**KEEBLER COMPANY, Appellee.**

[Cite as *Hale v. Keebler Co.* (1998), 132 Ohio App.3d 66.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980058.

Decided Dec. 31, 1998.

*Edward C. Ahlers,* for appellant Hale.

*Betty D. Montgomery,* Attorney General, and *James. M. Carroll,* Assistant Attorney General, for appellants Bureau of Workers' Compensation and Industrial Commission of Ohio.

*Cynthia C. Felson,* for appellee.

GORMAN, Judge.

This is an appeal by Bobbie Hale, the Industrial Commission of Ohio, and the Administrator of the Ohio Bureau of Workers' Compensation challenging the decision of the trial court to remand the matter of Hale's claim to the commission for a hearing on the merits. It is the position of the appellants that Keebler Company, the company defending against the claim, did not timely file a notice of appeal with the court of common pleas. For the reasons that follow, we affirm.[1]

The early procedural history of Hale's claim is not relevant to the issues raised by this appeal. It is sufficient to note that Hale was originally allowed benefits based upon a claim of occupational bilateral carpal tunnel syndrome. On November 14, 1994, she filed a C–86 Motion with the commission requesting that the claim be amended to include the condition of adjustment disorder with depressed mood. The district hearing officer granted the motion on January 14, 1996.

---

1. We have *suà sponte* removed this case from the accelerated calendar.

Keebler filed an appeal of the district hearing officer's order to a staff hearing officer on January 22, 1996. On March 6, 1996, the staff hearing officer issued an order denying the appeal. On March 21, 1996, Keebler filed an appeal to the commission. It is at this point in the procedural history that events become significant to the issues before us.

On March 29, 1996, Keebler's appeal was refused in an order issued by a staff hearing officer. However, on April 23, 1996, a letter from the commission (or at least on commission stationery), signed by an attorney with "Legal Services," was written to both parties. The letter stated that Keebler's March 21, 1996 appeal "has been processed pursuant to Ohio Revised Code, Section 4123.511(E) and the Industrial Commission has decided to have the appeal heard by a Deputy. The matter will be set for hearing as quickly as possible." The hearing was, in fact, held before a deputy commissioner on June 25, 1996. Six months later, however, on December 23, 1996, the "Findings of Fact and Order of the Commission" were issued. In this order, the commission found that it did not have jurisdiction to hear the merits of Keebler's appeal filed on March 21, 1996. The commission gave as its reason that the April 23, 1996 letter on the commission's stationery and signed by an attorney with "Legal Services" did not constitute an order that could be given any meaningful legal effect. Consistent with this conclusion, the commission determined that the April 23, 1996 letter did not vacate the March 29, 1996 order from the staff hearing officer, or otherwise exert the commission's jurisdiction prior to the expiration of the sixty-day appeal period provided in R.C. 4123.512.

It was from this order, issued on December 23, 1996, that Keebler appealed to the court of common pleas. The appellants argue that the appeal was not proper because "the Commission did nothing more in that Order than indicate that it had never reasserted its jurisdiction over the refusal Order which had issued several months before [on March 29, 1996]." It is the appellants' view that, because there was no subsequent reassertion of jurisdiction, Keebler's right of appeal expired sixty days after the March 29, 1996 order of the staff hearing officer refusing Keebler's appeal.

In our view, aside from its fundamental unfairness to Keebler, the position that the commission did not reassert jurisdiction after the March 29, 1996 order is untenable. The parties were notified of a subsequent hearing in front of the deputy commissioner, and a hearing was in fact held on June 25, 1996. As Keebler points out, the pertinent statute, R.C. 4123.511(E), requires only that "[i]f the commission decides to hear the appeal, the commission shall notify the parties * * *." There is no requirement that an "order" notifying the parties of a hearing be issued. The statute only requires an "order" at the conclusion of a hearing or in the event that the commission decides not to hear the appeal.

As for the case law, we can find no cases that interpose the requirement that the commission notify the parties of a decision to hear an appeal by formal order. With respect to the cases cited by Hale and the commission for the proposition that the commission speaks only through its orders, see, *e.g., Indus. Comm. v. Hogle* (1923) 108 Ohio St. 363, 140 N.E. 612, we agree with Keebler that these cases are inapposite since they speak to a general rule that the language of an existing order is the authoritative pronouncement of the commission. However, as Keebler argues, this does "not translate to the proposition that whenever the Industrial Commission acts it must do so by formal order," particularly where the pertinent statute indicates otherwise.

In sum, we hold that the commission did reassert jurisdiction over Hale's claim after the March 29, 1996 denial of the appeal and that Keebler therefore had sixty days from the December 23, 1996 order of the commission to file an appeal with the court of common pleas. The appellants' three assignments of error are, therefore, overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and MARIANNA BROWN BETTMAN, J., concur.