OPINION
{¶ 1} Plaintiff-appellant, Deborah A. McCoy-Hedges, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her complaint against defendants-appellees, Bureau of Workers' Compensation ("Bureau") and American Health Holding, Inc. ("American Health"). For the reasons that follow, we affirm that judgment.
{¶ 2} Appellant was working for American Health when she allegedly sustained an injury in the course of her employment. She filed a workers' compensation claim with the Bureau that was denied by a district hearing officer. On appeal from that decision, the staff hearing officer ("SHO") affirmed the denial of appellant's claim. Appellant then appealed that decision to the Industrial Commission, which refused to hear the appeal. The commission notified appellant of its refusal to hear the appeal by an order mailed April 4, 2000. On April 13, 2000, appellant filed a motion for reconsideration of that order. In an order mailed July 28, 2000, the commission denied her motion. Thereafter, on September 29, 2000, more than five months after the commission's original refusal to hear her appeal, appellant appealed the commission's decision to the Franklin County Court of Common Pleas. Appellees then moved for the dismissal of appellant's complaint for lack of jurisdiction, contending that her appeal was not timely filed. The trial court granted appellees' motion and dismissed appellant's appeal.
{¶ 3} Appellant now appeals, assigning the following error:
{¶ 4} "The court erred in dismissing the instant case on summary judgment.
"-OR-
{¶ 5} "The court erred in ruling that as a matter of law the claimant has no right to rely on information and legal advice given to claimant by their representative at the BWC."
{¶ 6} The standard for reviewing the dismissal of a complaint for lack of jurisdiction, pursuant to Civ.R. 12(B)(1), is whether the complaint has raised any cause of action which the court has authority to decide. State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80; McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56, 62. This court must determine whether the complaint contains sufficient allegations to demonstrate that the common pleas court has jurisdiction over the asserted claims. This is generally a question of law which we review independently of the trial court's decision. Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 375. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint. It may also consider material pertinent to such inquiry without converting the motion into one for summary judgment. Southgate Development Corp. v. Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211, at paragraph one of the syllabus; Ford, supra.
{¶ 7} Pursuant to R.C. 4123.511(E), appellant timely filed an appeal with the Industrial Commission from the SHO's decision denying her claim. Upon the filing of that appeal, the commission shall by order either hear the appeal or refuse to hear the appeal. If the commission refuses to hear the appeal, that decision may be appealed to the common pleas court within 60 days of the receipt of the order. R.C. 4123.512(A). The commission's order refusing to hear appellant's appeal was mailed on April 4, 2000, and was received by appellant no later than April 13, 2000, when she filed her motion for reconsideration. Therefore, appellant's appeal from that order had to have been filed, at the latest, on June 12, 2000. However, appellant did not file her appeal until September 29, 2000, more than 90 days after that deadline. The requirement that the notice of appeal be timely filed in the appropriate court of common pleas is jurisdictional. Fisher v. Mayfield (1987),30 Ohio St.3d 8, 9; Hartsock v. Chrysler Corp. (1989), 44 Ohio St.3d 171,172-173; Gdovichin v. Geauga Cty. Hwy. Dept. (1993), 90 Ohio App.3d 805,808; Haas v. Indus. Comm. (Dec. 21, 1999), Franklin App. No. 99AP-475.
{¶ 8} Appellant argues that her appeal was timely filed because it was within 60 days of the receipt of the commission's order denying her motion for reconsideration. She contends that the 60-day appeal period found in R.C. 4123.512(A) began to run upon her receipt of the commission's order denying her motion for reconsideration and not the order refusing to hear her appeal. We disagree. R.C. 4123.512(A) provides that appellant has 60 days to file an appeal of the commission's refusal to hear her appeal. A motion for reconsideration does not toll or extend the time to appeal the commission's decision. Burnett v. Cleveland Crane Engineering Co. (1967), 11 Ohio App.2d 170, 172. This court reached the same conclusion in Qureshi v. Bob Evans Farms, Inc. (Mar. 10, 1994), Franklin App. No. 93AP-1318. Because appellant failed to timely file her appeal, the trial court properly dismissed her appeal for lack of jurisdiction.
{¶ 9} Appellant also contends that she was given incorrect information about the appeals procedure. Appellant's affidavit states that she relied on advice that was given to her by her caseworker, an employee of the Bureau. Appellant states that she told her caseworker she wanted to appeal the commission's decision to refuse her appeal. The worker allegedly told appellant to fax the appeal to her and, once received, the worker said that everything was proper. Appellant contends that the employee did not tell her that the appeal needed to be filed in the common pleas court.
{¶ 10} Appellant's argument is essentially one of estoppel. "Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn. (1994), 71 Ohio St.3d 26,34. It is recognized, however, that, as a general rule, " `the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function.' " Sekerak v. Fairhill Mental Health Ctr. (1986), 25 Ohio St.3d 38, 39, citing Besl Corp. v. Pub. Util. Comm. (1976), 45 Ohio St.2d 146, 150. Mistaken advice or opinions of a governmental agency or agent do not create an estoppel. Halluer v. Emigh (1992), 81 Ohio App.3d 312, 318.
{¶ 11} Appellant's reliance on Hale v. Keebler Co. (1998),132 Ohio App.3d 66, and McIntyre v. Ohio Bureau of Employment Serv. (Sept. 19, 1985), Cuyahoga App. No. 49493, in support of her estoppel argument is misplaced. In fact, McIntyre directly undercuts appellant's argument, as that court refused to apply estoppel to a filing that was untimely, allegedly due to misinformation from a bureau employee. Hale did not address estoppel but, rather, the commission's jurisdiction to hear an appeal. Neither decision supports appellant's contention that her appeal should not have been dismissed.
{¶ 12} Even if estoppel were theoretically available to appellant, it would not be applicable in this case. The commission's order clearly states, in large capital letters, that appellant had 60 days within which to appeal the order to the common pleas court. Therefore, appellant, in fact, had the information she now says her caseworker should have given her. These facts are similar to those confronting the court in Sekerak, supra, wherein Sekerak failed to timely file an appeal, allegedly on the erroneous advice of an employee of the Fairhill Mental Health Center. The court refused to apply the principle of estoppel in that case because Sekerak received a notice which expressly informed him of the necessity to file an appeal within ten days. See, also, Kigar v. Ohio Motor Vehicle Dealers Bd. (Jan. 18, 1996), Franklin App. No. 95APE08-1045 (refusing to apply estoppel where appellant was served with formal notice clearly informing of deadline to request a hearing but received inconsistent information from board employee). Likewise, appellant was clearly informed that an appeal must be filed within 60 days in a court of common pleas. We find appellant's estoppel argument unpersuasive.
{¶ 13} In conclusion, the trial court did not err in dismissing appellant's untimely appeal. Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and LAZARUS, JJ., concur.